# United States Court of Appeals
## For the First Circuit

No. 04-2059

IMMACULADA BENCOSME DE RODRIGUEZ,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya and Lipez,
Circuit Judges.

Michael D. Greenberg and Law Offices of Michael D. Greenberg, on brief for petitioner.
Virginia Lum, Attorney, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General and Greg D. Mack, Senior Litigation Counsel, on brief for respondent.

December 29, 2005

---

[*]Alberto Gonzales was sworn in as United States Attorney General on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the respondent. See Fed. R. App. P. 43(c)(2).

**Per Curiam**.  Immaculada Bencosme de Rodriguez, a native and citizen of the Dominican Republic, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial of her application for cancellation of removal.  The Immigration Judge ("IJ") determined, inter alia, that the petitioner had failed to establish that removal would result in "exceptional and extremely unusual hardship" to her United States citizen children.  8 U.S.C. § 1229b(b)(1)(D).  We lack jurisdiction to review this discretionary decision.  Id. § 1252(a)(2)(B)(i); see Bernal-Vallejo v. INS, 195 F.3d 56, 59-60 (1st Cir. 1999).  See also Leyva v. Ashcroft, 380 F.3d 303, 305-306 (7th Cir. 2004)(court lacks jurisdiction to review "exceptional and extremely unusual hardship" determination); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3rd Cir. 2003)(similar); Romero-Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir. 2003) (similar).

Relatedly, we will not review the petitioner's claim that improper judicial conduct by the Immigration Judge violated her due process rights because the petitioner failed to raise this claim in her appeal to the BIA and therefore failed to exhaust her administrative remedies.  8 U.S.C. § 1252(d)(1); see Sayyah v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004); see also Olujoke v. Gonzales, 411 F.3d 16, 22-23 (1st Cir. 2005)(doctrine of exhaustion of administrative remedies bars effort to raise claim in petition for review where petitioner "failed to make any developed

-2-

argumentation in support of that claim before the BIA"). While "[t]here are some claims of denial of due process or deprivation of constitutional rights that are exempt from this exhaustion requirement because the BIA has no power to address them," Bernal-Vallejo, 195 F.3d at 64, the petitioner's claim does not fall into this exception, see Sayyah, 383 F.3d at 27 (noting that BIA has authority to address petitioner's claim of bias and misconduct by Immigration Judge).

Also pending before the court are the petitioner's timely-filed motions to stay removal and to toll the period of voluntary departure. See Bocova v. Gonzales, 412 F.3d 257, 268 (1st Cir. 2005)(to obtain stay of voluntary departure period, an alien must, at the threshold, explicitly ask for a stay of voluntary departure, and must do so "before the expiration of the period of voluntary departure allotted by the BIA"). We grant, as a matter of equity, the petitioner's motions to stay removal and to toll the voluntary departure period nunc pro tunc to August 6, 2004 (the date on which she filed her timely motion to stay). The stays will expire when mandate issues in this case, and the petitioner will then have the remaining two days of her unexpired voluntary departure period to depart the United States on her own volition. See id. at 270.

The petition for review is denied. The motions to stay removal and to toll the voluntary departure period are granted nunc

pro tunc to August 6, 2004, and will expire upon issuance of mandate.