# United States Court of Appeals
## For the First Circuit

No. 06-1438

FLAVIO RODRÍGUES-NASCIMENTO,

Petitioner,

v.

ALBERTO R. GONZÁLES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Jeffrey B. Rubin and Law Offices of Jeffrey B. Rubin, on brief for petitioner.

Richard Zanfardino, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, Office of Immigration Litigation, on brief for respondent.

May 9, 2007

**TORRUELLA**, **Circuit Judge**.  Petitioner Flavio Rodrígues-Nascimento seeks review of the denial of his petition for adjustment of status, as well as his motion for voluntary departure.  We find that we lack jurisdiction to review the denial of the petition for adjustment of status under 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1252(d)(1), and deem Petitioner's request for voluntary departure waived by failure to develop argumentation.

## I.  Background

Petitioner was born in Brazil in 1962 and entered the United States illegally in 1988.  He was married in 1992 to a citizen of Brazil,[1] and his wife subsequently came to the United States on a visitor's visa, which she overstayed.  On February 4, 1998, Petitioner was paroled into the United States in order to seek adjustment of status based on an I-140 his employer filed on his behalf.[2]  He and his wife had a daughter in 2001 who is a United States citizen by birth.

That same year, Petitioner was arrested and pled guilty to assault and battery with a dangerous weapon for kicking his wife with a shoed foot.  Petitioner was sentenced to a suspended

---

[1]  Petitioner states that he married his wife by correspondence while she was in Brazil.

[2]  On November 22, 1995, Petitioner's employer filed a Petition for Alien Worker (I-140 petition).  The petition was approved on February 5, 1997.  After visiting his family in Brazil, Petitioner returned to the United States on advance parole on February 4, 1998, in order to seek adjustment of his illegal status based on the approved I-140 petition.

sentence of eleven months incarceration. Petitioner was arrested again in 2002 and pled guilty to assault and battery and intimidation of a witness. He was sentenced to six days incarceration and three years probation.

On February 28, 2003, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner, asserting that he was an alien convicted of a crime involving moral turpitude.[3] See 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petitioner filed for relief from removal in the form of a request for adjustment of status under 8 U.S.C. § 1255(a), and a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), citing extreme hardship to his four-year-old United States citizen daughter. In the alternative, he requested voluntary departure under 8 U.S.C. § 1229c(a).

After a hearing on January 4, 2005, the Immigration Judge ("IJ") refused to grant a waiver of inadmissibility, concluding that Petitioner had not met his burden of proof to establish extreme hardship to his daughter, his only qualifying relative under 8 U.S.C. § 1182(h)(1)(B). Namely, the IJ found that should, as Petitioner claims, his departure result in his daughter being forced to also move to Brazil, her hardship would be mitigated by the fact that Petitioner and his wife have significant family ties in that country. In addition, the IJ held that his discretion

---

[3] Petitioner's Notice to Appear cited his 1998 conviction for assault and battery with a "dangerous weapon."

under § 1182(h)(1)(A) to grant Petitioner's request for a waiver of inadmissibility should not be exercised because Petitioner's history of violent behavior outweighed his positive attributes and because of the lack of evidence of Petitioner's rehabilitation.

The IJ also denied Petitioner's request for voluntary departure, due to Petitioner's conviction for an aggravated felony -- i.e., the assault and battery of his wife with a shoed foot. See 8 U.S.C. § 1229c(a).

Petitioner appealed to the Board of Immigration Appeals ("BIA"), and on February 17, 2006, the BIA summarily affirmed the decision of the IJ. This renders the decision of the IJ the final agency decision for the purpose of appellate review. See Keo v. Ashcroft, 341 F.3d 57, 60 (1st Cir. 2003).

## II. **Analysis**

Petitioner asks us to reconsider the IJ's analysis of extreme hardship under 8 U.S.C. § 1182(h). However, this is precisely the type of review that is precluded by 8 U.S.C. § 1252 (a)(2)(B):

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title . . . .

The only exception, subparagraph (D), created by the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310, preserves review only for constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252 (a)(2)(D); see also Conteh v. Gonzáles, 461 F.3d 45, 62-63 (1st Cir. 2006) (describing the changes wrought by the REAL ID Act).

Petitioner has not raised such a claim. His sole allegation is that the IJ failed to adequately consider his daughter's citizenship in making the factual determination that she would not suffer hardship, essentially challenging how much weight should be granted to the evidence he presented. Section 1182(h)(1)(B) explicitly states that "[t]he Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) . . . if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen . . . daughter . . . of such alien." 8 U.S.C. § 1182(h)(1)(B). As we have previously held, even under 8 U.S.C. § 1252(a)(2)(D), "discretionary or factual determinations continue to fall outside the jurisdiction of the courts of appeals." Mehilli v. Gonzáles, 433 F.3d 86, 93 (1st Cir. 2005) (quoting Vasile v. Gonzáles, 417 F.3d 766, 768 (7th Cir. 2005)). Indeed, in Bencosme de Rodríguez v. Gonzáles, we held that we lacked jurisdiction over a similar discretionary decision made by

an IJ. 433 F.3d 163, 164 (1st Cir. 2005) (holding that we lack jurisdiction to review the IJ's determination "that removal would [not] result in 'exceptional and extremely unusual hardship' to [Petitioner's] United States citizen children"). Accordingly, we lack jurisdiction to review whether the IJ abused his discretion in denying the § 1182(h)(1)(B) waiver of inadmissibility. We similarly lack jurisdiction to review the IJ's balancing of factors in consideration of the petition for a waiver of inadmissibility under § 1182(h)(1)(A).

Petitioner's claim that the IJ improperly denied voluntary departure is also denied. While an error may exist here, Petitioner's failure to adequately brief this claim before the BIA prevents us from considering its merits. Olujoke v. Gonzáles, 411 F.3d 16, 22-23 (1st Cir. 2005) (concluding that Petitioner's failure to "make any developed argumentation" in support of a claim before the BIA bars any attempt to resurrect the issue before the court); see also Makhoul v. Ashcroft, 387 F.3d 75, 82 (1st Cir. 2004). Consequently, we deem that portion of his petition waived.

### III. Conclusion

For the aforementioned reasons, we conclude that we do not have jurisdiction to review Petitioner's waiver of inadmissibility claim and find Petitioner's claim for voluntary departure waived.

**Affirmed**.