# United States Court of Appeals
## For the First Circuit

No. 06-2179

YAOLING YU,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Dehai Zhang</u> on brief for petitioner.
<u>Michael J. Sullivan</u>, United States Attorney, and <u>Gina Walcott-Torres</u>, Assistant United States Attorney, on brief for respondent.

September 6, 2007

**LYNCH**, **Circuit Judge**.  Yaoling Yu, a native and citizen of China, petitions for review of a final order of removal from the Board of Immigration Appeals (BIA).  Having found Yu not to be credible, the IJ determined Yu had not carried her burdens as to three forms of relief.  The BIA adopted and affirmed the IJ's ruling.  Because the decision is supported by substantial evidence, we deny the petition for review.  Yu's claims for relief primarily rested on the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42).

I.

Yu came to visit the United States in 1997 on a temporary visa.  She later secured a student visa but was apprehended by immigration officials in December 1999 because she was not attending school and was illegally employed.

On December 15, 2002, Yu filed claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  At a hearing before the IJ on November 23, 2004, Yu testified that she was forced to have an IUD inserted in 1983 after she gave birth to a daughter in 1982.  She found a doctor who agreed to remove the device and she became pregnant again in 1984.  She planned to conceal her pregnancy, but one of her coworkers became suspicious and reported her; she was then taken involuntarily from her workplace to a hospital where a doctor performed an abortion and inserted another IUD, also in 1984.  The

IUD caused her tremendous physical discomfort and she had it removed by a doctor in the United States in 2001. She also testified that she divorced her husband in 1996, before she came to the United States.

On December 20, 2004, the IJ issued an oral decision rejecting all of Yu's claims on the ground that her testimony was not credible. The IJ cited numerous inconsistencies in support of his finding. For example, Yu's earlier written statement differed from her oral testimony as to whether her coworkers were present in the operating room when she was examined and anesthetized by the doctor performing the abortion. While Yu testified she was taken to the hospital directly from her workplace, a written statement she submitted from her husband stated that she was taken from their home. A Chinese household register from 2000, in evidence, stated that Yu and her husband were married as of that date, contradicting Yu's assertion that they had divorced in 1996. Most importantly, the medical record from Yu's February 4, 2001 visit to a doctor in the United States to have the IUD removed indicates that she told the doctor that she was pregnant only once before, with no mention of an abortion.

In a brief per curiam order, the BIA adopted and affirmed the IJ's decision. The BIA held that it had no reason to question the IJ's credibility determination. It rejected as baseless Yu's argument that her husband's inconsistent statement about the

abortion should be disregarded because of their divorce. The order also held that Yu should have been able to recall who held her down when she was anesthetized and that if there had been an abortion, logically the abortion would appear in the 2001 medical records.

## II.

Because the BIA adopted and affirmed the IJ's ruling and also discussed some of the bases for the IJ's opinion, we review both opinions. Ouk v. Gonzales, 464 F.3d 108, 110 (1st Cir. 2006).

To qualify for asylum, an alien must show that he or she is a "refugee" within the meaning of the immigration laws. See 8 U.S.C. § 1158(b)(1). The alien has the burden of proof for establishing that he or she is eligible for asylum. Id. § 1158(b)(1)(B)(i); Jean v. Gonzales, 461 F.3d 87, 90 (1st Cir. 2006).

To demonstrate that he or she is a "refugee," the alien must show that he or she has either suffered past persecution or has a well-founded fear of future persecution on account of his or her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also Alibeaj v. Gonzales, 469 F.3d 188, 191 (1st Cir. 2006). If an individual has been "forced to abort a pregnancy or to undergo involuntary sterilization, or . . . has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program," that individual is deemed

-4-

to have been "persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B); see also Zeng v. Gonzales, 436 F.3d 26, 28 (1st Cir. 2006); Tai v. Gonzales, 423 F.3d 1, 4 (1st Cir. 2005). Similarly, an individual who "has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance" is deemed to have "a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B).

Whether an alien has met his or her burden of establishing eligibility for asylum is a factual determination that we review under the deferential substantial evidence standard. Ouk, 464 F.3d at 111. Thus, we uphold the decision unless "any reasonable adjudicator would be compelled to conclude to the contrary." Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)) (internal quotation marks omitted).

We agree with the BIA that the record provides sufficient support for the IJ's adverse credibility determination and the denial of relief. Yu was inconsistent in her recollection of who was present in the room when the abortion took place. Her account of being taken from her workplace to the hospital differs significantly from her husband's statement that Yu's coworkers came and removed her from their home, and is also inconsistent with his recollection that the two had been forced to stay home from work on

account of her pregnancy. Yu claims to have been divorced in 1996 but the 2000 register lists her as married. Her medical records indicate that in 2001, she told the doctor who removed the IUD that she was married. The medical records indicate that Yu made no mention of a previous abortion in the course of otherwise providing a detailed medical history. She informed the doctor about her first pregnancy and even her parents' history of hypertension. Yu's explanations for these inconsistencies are unconvincing.

The IJ and BIA focused on Yu's claim of a forced abortion, but on appeal to the BIA, Yu made the argument -- renewed in this court -- that she should qualify for asylum on the basis of the involuntary IUD insertions and her removal of them. Without reaching the question of whether 8 U.S.C. § 1101(a)(42) covers such situations, see, e.g., Zheng v. Gonzales, 409 F.3d 804, 811 (7th Cir. 2005) (noting that "no court of appeals has decided whether persecution . . . can be established on the basis of forcible IUD insertions alone"), we reject this claim.

If Yu intended to make a claim under the statute independent of her forced abortion claim, she did not clearly communicate that to the IJ. Her pleadings were broad and vague. The IJ understood her claims to be focused on the purported forced abortion. She did nothing to disabuse the IJ of this understanding. She cannot change the nature of the claim by shifting her focus in the appellate tribunals.

We do not consider Yu's claims for withholding of removal and protection under the CAT because she failed to develop those claims sufficiently before the BIA.  Rodríques-Nascimento v. Gonzales, 485 F.3d 60, 62-63 (1st Cir. 2007) (noting that "failure to adequately brief . . . [a] claim before the BIA prevents us from considering its merits");  Olujoke v. Gonzales, 411 F.3d 16, 22-23 (1st Cir. 2005).

We deny the petition for review.