## MATTER OF CRUZ

### In Exclusion Proceedings

### A-20893002

*Decided by Board June 7, 1977, as amended August 5, 1977*

(1) 8 CFR 3.5 requires that the entire record of the proceeding shall be forwarded to the Board on appeal. A cassette recording of the exclusion hearing is not suitable for appellate review of the case. The regulation requires submission of a written transcript of any hearing held before an immigration judge.

(2) Under 8 CFR 103.3(a) a copy of all briefs, memoranda, and representations filed by the Service in connection with an appeal to the Board must be served on the affected party and these papers must be signed and dated. In this record there is no evidence that these papers were served on the applicant.

(3) 8 CFR 236.5(c) requires that the applicant shall be notified in writing when an appeal is taken by the District Director from an adverse order of the immigration judge in an exclusion case. Since the record does not contain a copy of the notice, it is assumed the applicant never received the notice as required by this regulation.

(4) Since filing of a brief, including a reply brief, is discretionary, a decision may be rendered without a brief, and should be, where as here, the Service's reply brief was not filed within a reasonable time.

(5) The record will be remanded to the immigration judge to correct the defects in the record and afford applicant an opportunity to respond to the Service's memoranda and representations filed in support of the appeal. See *Matter of Gibson,* Interim Decision 2541 (BIA 1976).

EXCLUDABLE:

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no valid immigrant visa

ON BEHALF OF APPLICANT:
David A. Kattan, Esquire
419 Gravier Street
New Orleans, Louisiana 70130

ON BEHALF OF SERVICE:
Leonard Leopold
Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

This is an appeal from an order of an immigration judge, dated February 9, 1977, finding the applicant properly classifiable as the stepchild of a United States citizen and ordering his admission into the United States as a permanent resident. The Service has appealed from this order. The record will be remanded.

We are unable to reach the merits of the appeal due to several

deficiencies in the record. First, there is no transcript of the exclusion hearing held on March 6, 1975, which is referred to by the immigration judge in his order. The regulations require that the entire record of proceedings shall be forwarded to the Board on appeal. 8 C.F.R. 3.5. In an exclusion proceeding, the record in the case consists of the hearing before the immigration judge, including the testimony and exhibits, the immigration judge's decision, and all written orders, motions, appeals, and other papers filed in the proceeding. 8 C.F.R. 236.2(e). The record before us contains a cassette recording, presumably of the exclusion hearing, but this method of preserving testimony is unsuitable for appellate review of the case. The regulations clearly contemplate that the record on appeal include a written transcript of any hearing held before an immigration judge.

Second, there is no evidence in the record indicating that a copy of a Service memorandum in support of the appeal was ever served on the opposing party. The memorandum in the record before us not only lacks a certificate of service, but it is also unsigned and undated. A copy of all briefs, memoranda, and representations filed by the Service in connection with an appeal to the Board must be served on the affected party. 8 C.F.R. 103.3(a). Obviously, these papers must also be signed and dated.

Third, it appears that the regulation pertaining to notice of a Service appeal from an adverse order in an exclusion hearing has not been complied with. 8 C.F.R. 236.5(c) requires that the "applicant shall be notified in writing when an appeal is taken by the District Director and advised that he will be allowed 5 days from receipt of notification in which to submit written representations for transmittal to the Board with the record in the case." Since the record does not contain a copy of this notice, we assume that the applicant has not received written notice of a Service appeal in accordance with this regulation.

The immigration judge and the District Director have a concurrent obligation to see that the record is complete and complies with the applicable regulations before it is forwarded to us on appeal. Failure to insure that this is done results in delay and inconvenience, at the least, and a possible miscarriage of justice if these deficiencies are overlooked. *Matter of Gibson,* Interim Decision 2541 (BIA 1976).

We note that there has already been an inordinate delay in this case. The decision in this case was not rendered until almost 2 years after the exclusion hearing. The immigration judge attributes the delay to the failure of the Service to file a reply brief to the one submitted by the applicant after the exclusion hearing. (Decision of the immigration Judge, p. 7.) However, filing of briefs, including reply briefs is clearly discretionary; obviously a decision can be rendered without a brief and clearly should be where, as in this case, the Service's reply brief was not filed within a reasonable time.

464

Accordingly, we will remand the record to the immigration judge so that the defects in the record can be corrected. The applicant should be afforded an opportunity to submit a brief in reply to the Service memorandum in support of the appeal and other evidence before the record is returned to the Board for a determination of the merits of this appeal.

**ORDER:** The record is remanded to the immigration judge.