MATTER OF CHARLES

In Deportation Proceedings

A-20186182

*Decided by Board June 9, 1977*

(1) The record submitted to the Board in this proceeding was deficient in several respects. Respondent's marital status and whether or not respondent and his counsel were present at hearing could not be verified from the record. Respondent's passport was missing from the record. Whether counsel for respondent had received a copy of the hearing transcript as requested could not be determined.

(2) The immigration judge has primary responsibility to insure that the record submitted to the Board is orderly, complete and accurate. See *Matter of Gibson,* Interim Decision 2541 (BIA 1976). Where, as here, the record suffers various deficiencies it will be remanded to the immigration judge for further proceedings.

(3) 8 C.F.R. 242.19(b) contemplates that an oral decision will be rendered only when the respondent or his attorney is present. From this record, it could not be determined whether either was present, but it did appear that both were absent because they did not answer to their names. Under the circumstances, the decision of the immigration judge should have been reduced to writing and served on them.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— remained longer'

ON BEHALF OF RESPONDENT:     Michael I. Rose, Esquire
                            Suite 330—Roberts Building
                            28 West Flagler Street
                            Miami, Florida 33130

The respondent appeals from an immigration judge's decision dated February 1, 1977. In his decision the immigration judge found the respondent deportable as charged, denied his application for withholding of deportation pursuant to section 243(h) of the Immigration and Nationality Act and denied him the privilege of voluntary departure. The record will be remanded for further proceedings.

The respondent is a native and citizen of Haiti. He entered the United States as a visitor for pleasure. He has remained beyond his authorized period of stay.

The record before us suffers various deficiencies. In light of these

deficiencies, we have determined that the record should be remanded
for further proceedings.

The immigration judge in his decision mentions that the respondent is
a married person. We have been unable to determine from the record
the marital status of the respondent.

The respondent's passport was apparently made part of the record.
The passport is not in the record. We have an envelope in the record
where the passport is supposed to be but the same is empty. No
explanation has been offered for its absence.

In the transcript of the February 1, 1977, hearing the following
statements appear:

IMMIGRATION JUDGE TO RESPONDENT:

Q   Will Mr. Victor Charles please answer?

IMMIGRATION JUDGE:

Q   Let the record show that Mr. Charles does not answer.

IMMIGRATION JUDGE TO COUNSEL:

Q   Mr. Michael Rose, will you please step forward?

IMMIGRATION JUDGE:

Q   Let the record show that Mr. Michael Rose is also not present. . . _

These statements lend themselves to different interpretations. One
of the interpretations is that the respondent and his counsel were not
present at the hearing. The other interpretation is that the respondent
was present but did not answer and that his attorney was not present.

Where notice in accordance with the regulations has been given to a
respondent and his counsel of a continued hearing and they do not
appear, the proper procedure is to state for the record that proper
notice was given to them of the continued hearing, note the time of the
hearing,[1] note that neither is present and that no communication was
received from either before the hearing explaining the reasons for their
intended absence.

Counsel for the respondent requested that he be furnished a copy of
the transcript so as to allow him to prepare a brief on appeal. We cannot
determine from the record whether or not the Service has supplied
counsel with a copy of the transcript of the hearing.

The respondent claims that he was not furnished a copy of the immi-
gration judge's decision. In the Service's memorandum of February 22,
1977, addressed to this Board, the following allegation is made:

[1] The primary responsibility rests upon the immigration judge to insure that the record
that is forwarded to us is orderly, complete and accurate. *Matter of Gibson*, Interim
Decision 2541 (BIA 1976).
The record discloses that the respondent was notified that the hearing was continued to
February 1, 1977, at 1:30 p.m. We cannot determine from the transcript the time the
continued hearing was held.

Counsel's allegations of error for failure to inform him or respondent of the court's oral decision is patently frivolous in light of their willful absentation from the Immigration Court on the date designated for the hearing.

We cannot agree with the Service's position. 8 C.F.R. 242.19(b), in pertinent part, states as follows: "An oral decision shall be stated by the [immigration judge] *in the presence of the respondent* and the trial attorney, if any, at the conclusion of the hearing. . . ." (Emphasis supplied.) It would appear that the regulation contemplates an oral decision only when the alien or his attorney is present. In any event, in the circumstances of this case, we believe the oral decision should have been reduced to writing and served. Since a timely appeal was filed, and in view of our action in remanding, it would appear no prejudice resulted.

For the above reasons, we shall remand the record to the immigration judge so that he may correct the deficiencies noted in the record and to allow the respondent one more opportunity to be heard on his applications for discretionary relief.

ORDER: The record is remanded to the immigration judge for further proceedings and the entry of an appropriate decision.