MATTER OF RHEE

In Deportation Proceedings

A-22332670

*Decided by Board October 16, 1978*

(1) The respondent, an ordained Minister of Music in the Korean Mission Church, has not established that she qualifies for "special immigrant" status as a minister under section 101(a)(27)(C) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(27)(C), since her training, experience and duties lie primarily in the field of music rather than theology. Ordination by a recognized religious organization is not conclusive as to who qualifies as a minister for purposes of the Act.

(2) Although the respondent claims to have authority to officiate at weddings and funerals and to perform other ministerial functions, she has not in fact been called upon to perform those duties and, hence, has not established that she has satisfied and additional requirement for classification as a minister under section 101(a)(27)(C), specifically, that the religious denomination has a need for her services as a minister.

(3) The immigration judge and the Board have authority to consider an alien's qualifications for classification as a minister under section 101(a)(27)(C). *Matter of Wiesinger,* Interim Decision 2642 (BIA 1978), distinguished.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted

ON BEHALF OF RESPONDENT:
Eddie Yoon, Esquire
6225 North 35th
Tacoma, Washington 98407

ON BEHALF OF SERVICE:
Kendall B. Warren
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, and Farb, Board Members

In a decision dated March 24, 1978, an immigration judge found the respondent deportable as charged, denied her application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, and granted her the privilege of voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The record relates to a 42-year-old widowed female alien, a native and citizen of Korea, who was admitted to the United States on July 18, 1977, as a nonimmigrant visitor. She has remained beyond the au-

founded. First, we find that the respondent has not established that she is a minister. Although she was ordained, her ordination was based on her music training and not on any theological training or education (Tr. pp. 22, 25, 30). See *Matter of Bisulca*, 10 I. & N. Dec. 712 (R.C. 1963). Although she claims to have authority to officiate at weddings and funerals and can assume preaching and visitation functions at the church (Tr. pp. 11, 27), duties which she has not been called upon to perform, it appears that her primary duties with the congregation relate to music. Her regular duties, in fact, appear to be similar to those of a cantor, and as noted above, a cantor is specifically excluded by 22 C.F.R. 42.25(b) from qualifying as a "minister".

The respondent argues that the fact that she is recognized as an ordained minister by a recognized religious organization should be the end of the inquiry and cannot be challenged. We do not agree that the issuance of a piece of paper entitled "certification of ordination" by a religious organization should be conclusive as to who qualifies as a minister for immigration purposes. Otherwise, Congressional policy in the field of immigration could be readily circumvented by accommodating religious organizations. Inasmuch as Congress did not define the term "minister", we shall look to the ordinary usage of the term. *Webster's New International Dictionary*, 2nd Edition, G & C Merriam Co., Publishers, 1961, defines a minister as "One, usually a priest, who officiates, as at an altar, or administers, as sacraments." The functions of a Minister of Music in the Korean Mission Church are not primarily those of a minister, as that term is used in the everyday sense. Rather, the duties relate primarily to directing the music program of the church. While such persons may be denoted "ministers" by some religious groups, the Act, we find, employs the term in reference to ministers of theology.

Second, the respondent has not established that she is needed as a minister. While her services as a music director appear to be needed, she has not been called upon to perform the duties usually carried out by a regularly ordained pastor or clergyman because the size of the congregation is such that those needs can be served by the other two ministers at the church.

Third, the respondent does not have the required two continuous years of experience, immediately preceding the filing of her application, in carrying on the vocation of minister. Even if we were to assume that her experience with the Korean Mission Church could be counted, that experience is insufficient, for she has been associated with the church only since August 1977. The respondent contends that the time she spent as a choir director in Seoul, Korea, from April 1975 to February 1976 or 1977 should be tacked on her months of experience with the Korean Mission Church to satisfy the two-year period. She maintains

that since her duties in Korea were comparable to those of a Minister of Music, she was in fact performing ministerial duties in Korea even though she had not yet been ordained. In view of our finding that the respondent's duties in the United States following her ordination do not qualify as ministerial duties, we are unable to conclude that her duties in Korea as a choir director so qualify.

The respondent also claims that the hearing was unfair because of the nature of the questioning by the immigration judge. She complains that he lacked impartiality and took on a prosecutorial function. From our review of the record we find the immigration judge's questioning to have been within proper judicial bounds.

The respondent prays that if we dismiss her appeal, we afford her the opportunity to apply for third preference status. The respondent does not require our leave to apply for third preference status or for any other relief for which she may be eligible.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.