MATTER OF HOLANI

In Exclusion Proceedings

A-22907478

*Decided by Board July 10, 1980*

Since the immigration judge is primarily responsible for the physical aspects of the record on appeal, and in his judgment a transcript of the hearing was necessary in the case in view of the allegations on appeal, the transcription should have been furnished by the District Director and the case was remanded for completion of the record. *Matter of Gibson,* 16 I&N Dec. 58 (BIA 1976) reaffirmed.

EXCLUDABLE:
    Order:   Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—not in possession of valid immigrant visa

               Sec. 212(a)(14) [8 U.S.C. 1182(a)(14)]—Immigrant — not in possession of valid labor certification

               Sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Immigrant—visa obtained by willful misrepresentation of a material fact

ON BEHALF OF APPLICANT:
H. Ralph Klemm, Esquire
10 West Broadway, Suite 510
Salt Lake City, Utah 84101

ON BEHALF OF SERVICE:
Robert Godshall
District Director

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case presents an appeal from a decision of the immigration judge ordering that the applicant be excluded and deported from the United States. His decision was based only upon the first of the three above-stated charges. The case will be remanded.

The applicant was ordered detained under the provisions of section 235(b) of the Immigration and Nationality Act, 8 U.S.C. 1225(b), as amended, for an exclusion hearing before the immigration judge on May 3, 1979. The latter's adverse decision then followed on June 7, 1979.

The applicant appealed on the ground that she should have been the subject of deportation rather than exclusion proceedings. It is contended that the decision of the immigration judge was not supported by substantial evidence in the administrative record. It is the position of the Service that "The instant appeal appears to be frivolous and

merely an attempt to allow the applicant to remain in the United States for as long as possible."

The record file does not contain a transcript of the oral decision, but rather the immigration judge's hand-written hearing work sheet and memorandum of decision (Form I-167). The record before us, therefore, suffers a very serious deficiency. We note, however, that the immigration judge repeatedly attempted to have the District Director order that the record of proceedings in this case be transcribed, but to no avail.

We hold the immigration judge primarily responsible for the physical aspects of the record before us in matters under his jurisdiction, including all material pertaining to the organization and completeness of the record hearings; orderly inclusion of exhibits and trial briefs; his signed separate opinion; the appeal notice, with attachments; copies of relevant procedural communications between the immigration judge, respondent, and the Immigration and Naturalization Service; and all appeal briefs with proof of timely service. Since in his judgment a transcript was necessary in view of the allegations on appeal, the transcription should have been furnished. See Matter of Cruz, 16 I&N Dec. 463 (BIA 1977); Matter of Charles, 16 I&N Dec. 241 (BIA 1977); Matter of Gibson, 16 I&N Dec. 58 (BIA 1976).

Since there appears to be a genuine issue of whether the applicant was duly admitted to the United States, and in light of the above deficiency, we have determined that the incomplete record should be remanded. The immigration judge may then correct the deficiency, enter a formal decision, and return the file to the Board. Accordingly, the case will be remanded.

ORDER: The case is remanded for further proceedings consistent with the foregoing opinion.