In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-3474

JAWAID GHAFFAR,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY,

*Respondent.*

On Petition for Review of an Order of the
Board of Immigration Appeals.
No. A95 925 173

ARGUED SEPTEMBER 22, 2008—DECIDED DECEMBER 29, 2008

Before EASTERBROOK, *Chief Judge*, and ROVNER and
WILLIAMS, *Circuit Judges*.

ROVNER, *Circuit Judge*. Jawaid Abdul Ghaffar seeks
review of a final order of removal from this country
issued by the Board of Immigration Appeals (the "BIA" or
"Board"). We deny the petition for review.

## I.

We note at the outset that the factual summary in
Ghaffar's opening brief is not supported by record cita-

tions and therefore fails to comply with Fed. R. App. P. 28(a)(7) and Circuit Rule 28(c). *See Correa v. White*, 518 F.3d 516, 518 (7th Cir. 2008) (per curiam). However, given the grounds on which we dispose of his petition for review, our own summary of the facts may be brief.

Ghaffar is a native and citizen of Pakistan. He arrived in the United States with his wife and children on January 19, 2001, as a nonimmigrant visitor with permission to remain in this country for no more than six months. Ghaffar overstayed his visa and, on April 4, 2003, the Department of Homeland Security issued him a Notice to Appear charging that his continued presence in the United States was unauthorized and that he was subject to removal pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). Ghaffar conceded his removability but sought relief in the form of asylum pursuant to section 208 of the INA, 8 U.S.C. § 1158, restriction on removal (formerly known as withholding of removal) pursuant to section 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and withholding of removal pursuant to the United Nations Convention Against Torture, and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 23 I.L.M. 1027 (1984) ("CAT"). Ghaffar contended that while in Pakistan he had been repeatedly harassed and threatened by his wife's ex-husband because Ghaffar is a Shiah Muslim, whereas his wife, her two sons, and her ex-husband are Sunni Muslims, and the ex-husband did not want the sons (who lived with Ghaffar and his wife) being raised by a Shiite. Ghaffar asserted that if forced to return to Pakistan, he was at risk of suffering violence at the

hand of his wife's former spouse. The Immigration Judge ("IJ") conducted an evidentiary hearing at which both Ghaffar and his wife testified in support of his application for asylum and withholding of removal. For reasons that are not explained by the record, the testimony of Ghaffar's wife was not transcribed.

The IJ denied Ghaffar's request for relief from deportation. He found first that Ghaffar's asylum application had not been filed within one year of his arrival in the United States as required by section 208(a)(2)(B) of the INA, and that Ghaffar had not shown extraordinary circumstances sufficient to allow the late filing per section 208(a)(2)(D). 8 U.S.C. § 1158(a)(2)(B) & (D). Alternatively, the IJ concluded that the asylum request failed on its merits. Ghaffar had not shown that he was subject to past persecution in Pakistan or that he likely would be subject to persecution in the future if forced to return to that country. The IJ was skeptical of the notion that the ex-husband of Ghaffar's wife posed any real danger to the couple: although Ghaffar and his wife had testified that her ex-husband had a history of violent behavior and had repeatedly threatened Ghaffar and his wife (and, they believed, had murdered her cousin), there was little or no evidence to support what the IJ viewed as the self-serving testimony of Ghaffar and his wife or to show that the police would not intervene to protect them if, indeed, the ex-husband posed a threat to their safety. The judge also specifically found Ghaffar's testimony to be incredible in a number of respects. Because Ghaffar had not established the well-founded fear of persecution necessary to qualify for asylum, he necessarily had failed

to establish the clear probability of persecution necessary to qualify for restriction on removal. Finally, because Ghaffar had not shown that he was likely to be tortured upon his return to Pakistan, he had not established his eligibility for relief under the CAT.

The Board of Immigration Appeals (the "BIA" or the "Board") dismissed Ghaffar's appeal. The BIA found that Ghaffar had failed to meet the burden of proof for asylum, even assuming his application was timely, a subject that the Board did not address. Because he failed to meet the lower burden of proof for asylum, he necessarily failed to meet the higher burdens of proof for restriction on removal and protection under the CAT. The BIA noted that the testimony of Ghaffar's wife had been taken off the record, but also that Ghaffar made no claim that he had been deprived of a full and fair hearing due to the omission. The Board was also satisfied that the omission did not materially hinder its ability to dispose of the issues raised in Ghaffar's appeal. Finally, although Ghaffar had tendered an affidavit on appeal in an effort to establish that he had been deprived of the effective assistance of counsel in the proceedings before the IJ, the Board declined either to pass on the claim of ineffectiveness or to remand to the IJ for further proceedings on that claim. The Board explained that it was precluded from engaging in factfinding of its own on appeal. At the same time, Ghaffar had not attempted to demonstrate how his attorney's claimed ineffectiveness had affected the outcome of his case, nor did his motion meet the threshold requirements that the Board had established for ineffectiveness claims in *Matter of Lozada*,

19 I & N Dec. 637, 639 (BIA 1988), *review denied*, 857 F.2d 10 (1st Cir. 1988).

## II.

Ghaffar did not file his application for asylum within the one-year period specified by section 208(a)(2)(B) of the Immigration & Nationality Act, 8 U.S.C. § 1158(a)(2)(B). Ghaffar entered the United States with his wife and children on January 19, 2001, but he did not apply for asylum until June 19, 2003, nearly two and one-half years later. The Immigration Judge found the evidence that Ghaffar submitted insufficient to establish extraordinary circumstances that would excuse the late filing of his application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5). Ghaffar now argues that the Immigration Judge's analysis was flawed because it failed to take into account two circumstances that interfered with his ability to file an application for asylum within one year of his arrival in this country: first, the illness of his youngest daughter, and second, the tremendous turmoil in this country resulting from the terrorist attacks of September 11, 2001, including in particular the ostracism and fears experienced by Muslims in the United States, a circumstance of which Ghaffar believes the IJ should have taken judicial notice.

We lack jurisdiction to review either the determination that his asylum application was untimely (which Ghaffar does not dispute) or the determination that the belated filing of his asylum application was not justified by changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *see Ogayonne v. Mukasey*, 530 F.3d 514, 519

(7th Cir. 2008); *Kaharudin v. Gonzales*, 500 F.3d 619, 623 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). We do, of course, have the authority to review questions of law or constitutional claims that relate to these determinations, 8 U.S.C. § 1252(a)(2)(D); *see Viracacha v. Mukasey*, 518 F.3d 511, 514 (7th Cir.), *cert. denied*, 129 S. Ct. 451 (2008), but Ghaffar does not raise any such questions. He contends only that the IJ should have reached a different result based on the circumstances he believes excuse his late filing. But rather than raising a constitutional concern or other question of law, we view this simply as a challenge to the IJ's rationale in concluding that Ghaffar's failure to file a timely asylum application was not excused. As we have said, this is beyond our jurisdiction to review.

Ghaffar goes on to argue that he was deprived of a fair hearing before the IJ in two respects. He points first to the failure to make a record of his wife's testimony,[1] and secondly he argues that the IJ was biased against him as evidenced by certain remarks that the IJ made in his decision.

An alien ordered removed from this country is required to exhaust the administrative remedies available to him before seeking judicial review of the removal order.

---

[1] We know that the testimony of Ghaffar's wife was transcribed, but we cannot determine on the present record whether or not an audio recording was made of the testimony. The audio recordings of the hearing before the IJ are not part of the record before us, and the parties could not tell us whether or not the testimony of Ghaffar's wife was recorded.

8 U.S.C. § 1252(d)(1). The duty to exhaust includes the obligation to first present to the BIA any argument against the removal order as to which the Board is empowered to grant the alien meaningful relief. *See, e.g., Padilla v. Gonzales*, 470 F.3d 1209, 1213-14 (7th Cir. 2006). The failure to exhaust may sometimes be overlooked when the alien is making a constitutional argument, because the Board does not have the last word as to such arguments; "the final say on constitutional matters rests with the courts." *Singh v. Reno*, 182 F.3d 504, 510 (7th Cir. 1999); *see also, e.g., Kokar v. Gonzales*, 478 F.3d 803, 808 (7th Cir. 2007). However, where the alien is making a due process claim based on a procedural failing that the Board could have remedied, thereby obviating the constitutional claim, then the failure to exhaust will not be excused. *See Feto v. Gonzales*, 433 F.3d 907, 912 (7th Cir. 2006) (citing *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004)); *see also Hadayat v. Gonzales*, 458 F.3d 659, 665 (7th Cir. 2006).

Ghaffar's complaint regarding the failure to make a record of his wife's testimony is the type of issue that he was required to present to the Board in the first instance. The claim is procedural in nature, and as such is the type of claim that the Board could address and routinely does address. *See, e.g., Matter of Cruz*, 16 I & N Dec. 463 (BIA 1977) (remanding to IJ so that defects in record, including lack of written transcript of hearing before IJ, could be corrected); *see also Matter of Holani*, 17 I & N Dec. 426 (BIA 1980); *Matter of Charles*, 16 I & N Dec. 241 (BIA 1977). The Board itself noted that Ghaffar had presented no claim concerning the failure to make a record of his wife's

testimony, which strongly suggests that the Board was willing and able to deal with such a claim. Indeed, Ghaffar does not take issue with the Board's power to remedy this problem. He suggests only that his counsel before the BIA might not have realized that his wife's testimony had not been recorded. But that suggestion is belied by (1) the repeated references to the testimony of Ghaffar's wife in the IJ's decision, (2) the absence of that testimony from the hearing transcript that was sent to Ghaffar's counsel months before he filed a brief in support of Ghaffar's appeal to the BIA, and (3) the Board's own observation that the testimony had not been transcribed. Ghaffar failed to exhaust his remedies before the Board on this claim, and consequently he failed to preserve his right to judicial review. *E.g.*, *Capric*, 355 F.3d at 1087.

Ghaffar's claim that the IJ was biased against him was also one that was within the Board's authority to address. The Board's decisions recognize the parties' right to an unbiased judge who resolves the case based on the law and the evidence put before him rather than external considerations. *See Matter of Exame*, 18 I & N Dec. 303, 306-07 (BIA 1982); *see also Matter of G-*, 20 I & N Dec. 764, 780-81 (BIA 1993); *Matter of Bader*, 17 I & N Dec. 525, 527 (BIA 1980); *Matter of Rhee*, 16 I & N Dec. 607, 611 (BIA 1978). There are literally dozens of Board decisions resolving claims of bias. When bias has been established, the Board has the authority to remand a case for a new hearing before a different IJ, and our research reveals that the BIA has done so on multiple occasions, albeit in unpublished decisions. *Cf. Sosnovskaia v. Gonzales*, 421 F.3d 589, 594 (7th Cir. 2005) (suggesting that on remand

Board exercise its power of assignment to send case to different IJ "in order to avoid any perception of lingering bias"). Because this claim was within the Board's power to address, Ghaffar was required to present it to the Board, and having failed to do so he may not raise it for the first time here. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (per curiam); *Bencosme de Rodriguez v. Gonzales*, 433 F.3d 163, 164-65 (1st Cir. 2005) (per curiam); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 n.5 (3d Cir. 2003); *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001).

Finally, we see no basis on which to disturb the BIA's disposition of Ghaffar's ineffective assistance of counsel claim. We review for abuse of discretion the Board's decision to deny Ghaffar's request for a remand so that the IJ could consider the claim. *Pop v. INS*, 279 F.3d 457, 460 (7th Cir. 2002). The Board has held that an alien must do three things before it will consider an ineffectiveness claim: (1) submit an affidavit establishing that he had an agreement with counsel to represent him and detailing its terms; (2) present evidence that he has given notice to his counsel of the ineffectiveness claim and an opportunity to respond to the allegations, and include any response he has received; and (3) if the attorney violated his ethical or legal obligations, show that he has filed a complaint with the governing disciplinary authorities or explain why he has not done so. *Matter of Lozada, supra*, 19 I & N Dec. at 639; *see also Matter of Assaad*, 23 I & N Dec. 553, 556-60 (BIA 2003), *review dismissed*, 378 F.3d 471 (5th Cir. 2004) (per curiam). We have sustained the validity of these requirements. *See Stroe v. INS*, 256

F.3d 498, 501 (7th Cir. 2001); *Henry v. INS*, 8 F.3d 426, 440 (7th Cir. 1993). As we noted in *Magala v. Gonzales*, 434 F.3d 523, 525-26 (7th Cir. 2005), there is no constitutional right to counsel in a removal proceeding, but "[t]he Board may grant relief as a matter of sound discretion[.]" *See also Jezierski v. Mukasey*, 543 F.3d 886, 889-90 (7th Cir. 2008), *petition for cert. filed* (U.S. Nov. 17, 2008) (No. 08-656). Ghaffar did not comply with any of the *Lozada* require-ments. Consequently, the Board acted well within its rights to deny his motion for remand.

### III.

For the reasons set forth herein, we DENY Ghaffar's petition for review.