NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2009
Decided August 25, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-4023

| | |
|---|---|
| JOSE LUIS GARCIA-LARA,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A091 175 801 |
| ERIC H. HOLDER, JR., Attorney<br>General of the United States,<br>*Respondent*. | |

## O R D E R

Jose Garcia-Lara, a native and citizen of Mexico, was found to be removable after an immigration judge determined that his state conviction for criminal sexual abuse constituted both an aggravated felony and a crime involving moral turpitude. Garcia-Lara appealed to the Board of Immigration Appeals, making arguments unrelated to the classification of his conviction. The BIA dismissed the appeal, and Garcia-Lara now argues that the IJ's classification of his conviction as an aggravated felony and a crime involving moral turpitude was error. These new arguments suggest serious problems with the IJ's

ruling, but they are waived because Garcia-Lara failed to raise them before the BIA. Accordingly, we are constrained to dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

Garcia-Lara came to the United States as a temporary resident in 1988 and became a lawful permanent resident in 1992. Two years later, he pleaded guilty to criminal sexual abuse, 720 ILCS 5/12-15(a)(2), and was sentenced to 18 months probation. Although the definition of the offense has not changed since 1994, the classification has changed from Class A misdemeanor to Class 4 felony. *Compare* 720 ILCS 5/12-15(d) *with id.* (1994). Under the sentencing scheme at the time and today, the prison term for a Class A misdemeanor must be less than one year. 730 ILCS 5/5-4.5-55(a); *id.* at 5/5-8-3(a)(1) (1994).

Garcia-Lara came to the federal government's attention in 2007 when he was arrested for aggravated assault and unlawful restraint. The government, relying on the current penalty for criminal sexual abuse—the maximum term for a Class 4 felony is three years, 730 ILCS 5/5-4.5-45(a)—charged Garcia-Lara as removable under 8 U.S.C. § 1227(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude. An alien who commits a crime involving moral turpitude within five years of admission is removable only if the crime is one "for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II).

The government later added another charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, sexual abuse of a minor, *id.* § 1101(a)(43)(A). The Illinois statute under which Garcia-Lara was convicted covers sexual abuse of minors and non-minors: "The accused commits criminal sexual abuse if he or she commits an act of sexual conduct and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent." 720 ILCS 5/12-15(a)(2). To conclude that Garcia-Lara's victim was in fact a minor, the government relied on two documents. The first is a misdemeanor complaint form that names the victim and charges Garcia-Lara with fondling her breast and stomach for the purpose of sexual gratification. The complaint follows the text of the statute—it states that the victim was unable to understand or give knowing consent without mentioning the victim's age. For that fact, the government relied on an arrest report that recites the complaint made by the victim's mother and states that the victim was fifteen years old.

At hearings before the IJ, Garcia-Lara denied the charges against him. In response, the government submitted the misdemeanor complaint form, the arrest report, a certified statement of conviction/disposition from the Circuit Court of Cook County, and a then-current copy of the statute at issue. The IJ asked Garcia-Lara if he objected to the admission

of the documents, counsel said he did not, and the IJ admitted them. Garcia-Lara raised no argument about his conviction beyond simply denying the charges of removability.

The IJ determined that Garcia-Lara was removable because his conviction constituted both an aggravated felony and a crime involving moral turpitude. First, the IJ agreed with the government that he could rely on the arrest report to determine the age of the victim of sexual assault. Without any discussion, the IJ also concluded that Garcia-Lara was removable because he had been convicted of a crime involving moral turpitude. Finally, the IJ denied Garcia-Lara's request for a continuance and determined that he was not eligible for a waiver of removal under INA § 212(c) because sexual abuse of a minor has no statutory counterpart in § 212(a).

Garcia-Lara appealed to the BIA, arguing only that he was entitled to § 212(c) relief and that the IJ should have granted a continuance. The BIA dismissed the appeal in a written opinion that addressed nothing more than the two arguments Garcia-Lara raised.

## II. ANALYSIS

Garcia-Lara, represented by new counsel, now argues that the IJ erred in classifying his conviction as an aggravated felony and a crime involving moral turpitude. We have jurisdiction to review the legal question whether a conviction is properly classified as an aggravated felony or a crime involving moral turpitude, but only if that question was properly presented to the agency. *See Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)). The government argues that by failing to challenge the classification of his conviction before the IJ and the BIA, Garcia-Lara failed to exhaust his administrative remedies.

Generally speaking, arguments not raised before the BIA are waived. *See Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009). Garcia-Lara's brief to the BIA argues that he was entitled to § 212(c) relief and that the IJ should have granted him a continuance, but it says nothing about the classification of his conviction as an aggravated felony and a crime involving moral turpitude. Waiver can be excused for a limited number of reasons, but in his brief to the court, Garcia-Lara does not suggest that any apply. At oral argument, counsel for Garcia-Lara asked us to excuse the waiver because the government raised the arguments before the BIA and because the BIA addressed them in passing, but the record does not support these contentions. First, the BIA's opinion says absolutely nothing about the classification of the conviction. Second, assuming that an argument is exhausted when it is raised only in the government's brief to the BIA and not addressed by the BIA itself, *see Zara v. Ashcroft*, 383 F.3d 927, 930-31 (9th Cir. 2004), the brief here was not enough to put the BIA on notice of the arguments Garcia-Lara now wishes to raise. The government's

brief did nothing more than explain the IJ's rulings on the offense classification and state that they were made "appropriately."

Counsel also asked that we excuse the failure to exhaust because of the seriousness of the IJ's errors. We do not dispute the premise of this argument. Because Garcia-Lara was convicted of a misdemeanor punishable only by a sentence of less than one year, 720 ILCS 5/12-15(d) (1994); 730 ILCS 5/5-8-3(a)(1) (1994), it appears that he should not have been found removable for having committed a crime involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(i)(II). A misdemeanor may be classified as an aggravated felony, *see Guerrero-Perez v. I.N.S.*, 242 F.3d 727, 737 (7th Cir. 2001), but under the categorical approach that governs the determination whether a conviction constitutes the aggravated felony of sexual abuse of a minor, *see Nijhawan v. Holder*, 129 S. Ct. 2294, 2300 (2009); *Gaiskov v. Holder*, 567 F.3d 832, 835-36 (7th Cir. 2009), the IJ arguably erred by relying on the police report, *see Shepard v. United States*, 544 U.S. 13, 16, 21 (2005) (holding that police report submitted as grounds for issuing a criminal complaint could not be considered under categorical approach applied to Armed Career Criminal Act); *Jaggernauth v. U.S. Atty. Gen.*, 432 F.3d 1346, 1355 (11th Cir. 2005) (applying *Shepard* in immigration context); *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (same); *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) (same). Ultimately, though, the seriousness of the IJ's errors is immaterial where, as here, the errors are ones the BIA could have remedied. *See Ghaffar v. Mukasey*, 551 F.3d 651, 655 (7th Cir. 2008). The contrary rule would eliminate the exhaustion requirement entirely and deprive the BIA of its role as the principal interpreter of immigration law. *See Zeqiri v. Mukasey*, 529 F.3d 364, 369-70 (7th Cir. 2008). Accordingly, we lack jurisdiction to consider Garcia-Lara's arguments because they are unexhausted.

### III. CONCLUSION

Because we lack jurisdiction to consider Garcia-Lara's arguments, we **DISMISS** the petition.