**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2011
Decided March 18, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2903

| | |
|---|---|
| JIADE ZHANG, | Petition for Review of an Order of the Board |
| *Petitioner*, | of Immigration Appeals. |
| | |
| *v.* | No. A075 929 250 |
| | |
| ERIC H. HOLDER, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Jiade Zhang, a citizen of the People's Republic of China, entered the United States and overstayed his visa by eight years. Once caught and placed in removal proceedings, he applied for asylum, withholding of removal, and protection under the Convention Against Torture, alleging that he had been persecuted and tortured by the Chinese government for having led a workers' rights committee. The Immigration Judge denied Mr. Zhang's applications, finding that his request for asylum was time-barred, his testimony was not

credible, and he did not corroborate his allegations. The Board of Immigration Appeals dismissed his appeal. Mr. Zhang filed a petition for review, which we now deny.

Mr. Zhang came to the United States on a three-month visa in December of 1999, but he overstayed his visa and remained here until 2007, when he was arrested for trying to get a state ID by fraudulently using someone else's passport and Social Security card. Immigration and Customs Enforcement took custody of Mr. Zhang and discovered that he had sought admission to the U.S. under an alias one year before his visa-based visit, but was found inadmissible and was removed to China. Back again in this country, Mr. Zhang was charged as removable on two grounds: (1) He was inadmissible when he presented his three-month visa in 1999 because he had been removed within the five years prior, 8 U.S.C. §§ 1182(a)(9)(A)(i), 1227(a)(1)(A), and (2) he overstayed his visa, 8 U.S.C. § 1227(a)(1)(B). He filed applications for asylum, withholding of removal, and protection under the Convention Against Torture.

At a hearing before the IJ, Mr. Zhang testified that he was first mistreated by the Chinese government in 1998, in retaliation for his role in a committee he had helped establish to represent the interests of his fellow workers at a coal mine. According to Mr. Zhang, after his committee organized a work stoppage that secured some concessions from the mining company, local police abducted him and detained him for about one month, allowing him only sporadic meals. He testified that on five occasions the police interrogated him about instigating an "illegal" strike, shined a bright light in his eyes for hours, and beat him with electric batons, one time causing him to lose consciousness. Mr. Zhang was able to escape, he said, after he was transferred to a hospital to treat his injuries; he fled when most of the hospital staff was away for a holiday. He maintained that he would be persecuted again if he ever returns to China.

The IJ denied Mr. Zhang's applications. The judge denied Mr. Zhang's asylum application because he did not file it within one year of his arrival. *See* 8 U.S.C. § 1158(a)(2)(B). In denying other relief from removal, the judge found that Mr. Zhang did not show a clear probability that he would face persecution or torture if he returned to China because his testimony was not credible and he provided no corroborating evidence, which the IJ thought likely available, to support his testimony. Mr. Zhang appealed, and the BIA dismissed the appeal, concluding that the IJ made no legal errors and the findings were supported by substantial evidence.

In his petition for review, Mr. Zhang argues that the Board should not have found that his asylum application was time-barred because he delayed filing out of fear of persecution if sent back to China. He maintains that this fear is an "extraordinary circumstance" that justifies an exception to the one-year filing deadline. *See* 8 U.S.C. §

1158(a)(2)(D). But the Attorney General's decision to find extraordinary circumstances is discretionary (unless he commits a legal or constitutional error, neither of which Mr. Zhang asserts), and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1158(a)(3); *Khan v. Filip*, 554, F.3d 681, 687-89 (7th Cir. 2009); *Ogayonne v. Mukasey*, 530 F.3d 514, 519 (7th Cir. 2008); *Ghaffar v. Mukasey*, 551 F.3d 651, 654-655 (7th Cir. 2008).

Turning to his claims for withholding of removal and relief under the Convention against Torture, Mr. Zhang challenges the IJ's finding, which the Board adopted, that he failed to show a likelihood of persecution or torture because he did not corroborate his testimony. Mr. Zhang's claims are subject to the REAL ID Act, which states that when an IJ determines that an applicant should provide corroborating evidence for a claim, the applicant must provide corroborating evidence unless it cannot be reasonably obtained. 8 U.S.C. §§ 1158(b)(2)(B)(ii), 1231(b)(3)(C), 1229a(c)(4)(B); *see also Krishnapillai v. Holder*, 563 F.3d 606, 618 (7th Cir. 2009);  *Raphael v. Mukasey*, 533 F.3d 521, 527-28 (7th Cir. 2008). Before an IJ may deny a claim for relief from removal based on lack of corroboration, the IJ must (1) make an explicit credibility finding; (2) explain why it is reasonable to expect additional corroboration; and (3) explain why the alien's account for the lack of additional corroboration is inadequate. *Tandia v. Gonzales*, 487 F.3d 1048, 1054-55 (7th Cir. 2007).

Mr. Zhang first argues that the IJ did not make an explicit credibility finding, but the IJ did just that. The IJ stated that he "[did] not credit or believe [Mr. Zhang's] testimony surrounding his stated persecution. . . ." This was not a mere "passing reference implying doubt," but rather a resolute finding that Mr. Zhang's testimony regarding his past persecution was not credible. *See Ikama-Obambi v. Gonzales*, 470 F.3d 720, 725 (7th Cir. 2006).

Next, Mr. Zhang argues that he could not reasonably be expected to produce corroborating documents from his family because they were under surveillance by the Chinese government. But, as the IJ explained, Mr. Zhang's excuse was inadequate because other sources of corroboration were easily obtainable, such as a newspaper account of the alleged work stoppage, testimonials from other participants in the strike or members of his committee, or an account from the friend who helped him flee from China. Mr. Zhang offered no reason for having provided none of this possible corroboration of even the slightest portion of his story.

Mr. Zhang finally challenges the IJ's credibility finding itself, arguing that a finding of no credibility was not supported by substantial evidence, as required by 8 U.S.C. § 1158(b)(1)(B)(iii). *See, e.g., Torres v. Mukaskey*, 551 F.3d. 616, 626 (7th Cir. 2008). The IJ cited several reasons to reject Zhang's credibility, including that he filed for asylum only when he was arrested after some eight years living in the U.S. and conceded that he would never have applied for relief had he not been caught. These reasons are probably sufficient to

sustain an adverse credibility finding, a determination to which we would give substantial deference. *See Wang v. Keisler,* 505 F.3d 615, 620-21 (7th Cir. 2007); *Dong v. Gonzales,* 421 F.3d. 573, 579 (7th Cir. 2005). But we need not decide that issue because Zhang provided no corroborating evidence; under the REAL ID Act, the IJ was thus authorized to deny Zhang's application even if his testimony were credible. *See Rapheal,* 533 F.3d at 527.

For the foregoing reasons, we DENY the petition for review.