NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 10, 2019
Decided April 19, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-2940

| | |
|---|---|
| EDWIN ALEXANDER DURINI-GARCIA, <br>     *Petitioner*, <br><br>     *v.* <br><br> WILLIAM P. BARR, Attorney General of the United States, <br>     *Respondent*. | Petition for Review of a Decision by the Board of Immigration Appeals <br><br> No. A097-309-758 |

**O R D E R**

Edwin Durini-Garcia was apprehended by border agents on May 29, 2003, at the age of 16 after entering the United States illegally with his mother, and was personally served with a Notice to Appear on that day charging him with removability as an alien present in the United States without being admitted or paroled. He did not appear before an immigration judge at that designated appearance date, and the immigration judge ordered him removed *in absentia*.

More than fourteen years later, on November 22, 2017, he filed a motion to reopen and rescind his *in absentia* removal order. He claims that he first learned that he had been removed *in absentia* on November 2 after being advised by family members

that immigration officials were looking for him, although the Department of Homeland Security (DHS) indicated that he filed that motion only after he was charged with aggravated assault on October 25, 2017. In his motion to reopen, he argued that he never received notice of his removal hearing, that his mother did not inform him of his hearing and took no action regarding his immigration status, and that his failure to appear at the removal hearing was not willful.

The immigration judge noted that a removal order *in absentia* may be rescinded if the respondent, through a timely motion to reopen, proves that his failure to appear resulted from a lack of proper notice or from exceptional circumstances. The immigration judge held that the record clearly established that Durini-Garcia was personally served with the Notice to Appear, which stated the hearing date and location, advised him of the requirement to maintain a current address with the immigration court, and informed him of the consequences for failing to appear at the removal hearing. Durini-Garcia did not claim that he was not served, but instead argued that he was a minor incapable of understanding it and that his mother failed to ensure that he complied with the law. The immigration judge stated that his argument was misplaced, however, because the regulations require service on an adult residing with the minor only where the minor is under 14 years of age. Because Durini-Garcia was 16 years of age at the time of service, the judge held that there was no issue with notice and service in this case.

The judge then turned to Durini-Garcia's alternative argument that exceptional circumstances caused his failure to appear because his mother took no action to bring him to court and as a minor he had no control over his failure to appear. The immigration judge held that "even accepting as true that his mother caused his absence for the hearing, the respondent did not file his motion to reopen within the 180 day period provided for seeking reopening of an in absentia order based on 'exceptional circumstances' … [n]or did the respondent demonstrate that he acted with due diligence in seeking reopening during the 14 years that transpired since his arrest at the border." IJ Decision at 3. The judge proceeded to discuss facts that called into question the sincerity of Durini-Garcia's claim that he was unaware of his immigration status, and concluded that he did not pursue reopening with due diligence and therefore the 180-day period for seeking reopening based on exceptional circumstances was not tolled. In addition, the judge held that the motion also was denied because he failed to adequately support his motion with probative and reliable evidence. Finally, the judge declined to exercise discretion to reopen the proceedings *sua sponte*.

The Board of Immigration Appeals (the "Board") affirmed without opinion, thus rendering the immigration judge's decision the final agency determination. See 8 C.F.R. § 1003.1(e)(4). On appeal to this court, Durini-Garcia argues that: the immigration judge used the wrong evidentiary standard of "clear and convincing" rather than "clear, convincing and unequivocal"; the charging document indicated it was issued by the Immigration and Naturalization Service but the authority to issue a Notice to Appear was transferred to DHS; the decision ordering him removed was sent to the wrong address; the judge erred in denying the motion to rescind because he was only 16 at the time of his apprehension and did not understand the full import of failing to appear; that exceptional circumstances existed because he was 16 at the time and his mother took him to California; and that he was deprived of a fundamentally fair hearing in violation of the due process clause.

The problem with Durini-Garcia's appeal is that nearly all of the arguments he seeks to assert in this appeal were not raised in his appeal to the Board. We have repeatedly held that "[t]he duty to exhaust includes the obligation to first present to the [Board] any argument against the removal order as to which the Board is empowered to grant the alien meaningful relief." *Perez-Fuentes v. Lynch*, 842 F.3d 506, 511 (7th Cir. 2016), quoting *Ghaffar v. Mukasey*, 551 F.3d 651, 655 (7th Cir. 2008). The failure to exhaust may sometimes be overlooked, such as where the petitioner raises a constitutional challenge, because the final say on constitutional matters rests with the courts rather than the Board; nevertheless, we have held that the failure to exhaust will not be excused "where the alien is making a due process claim based on a procedural failing that the Board could have remedied, thereby obviating the constitutional claim." *Ghaffar*, 551 F.3d at 655; *Perez-Fuentes*, 842 F.3d at 511.

In his appeal to the Board, Durini-Garcia argued only that he had established exceptional circumstances justifying rescission of the *in absentia* order because he was a minor and dependent upon his mother who relocated him to another state while his removal proceedings were pending. The immigration judge, however, "accepted as true" that his mother caused his absence for the hearing but held that he failed to demonstrate that he acted with due diligence in seeking reopening during the 14 years that transpired since his arrest at the border. Durini-Garcia did not challenge that determination before the Board, nor did he bring the other challenges that he seeks to raise in this appeal. The only issues preserved before the Board are the exceptional circumstances issue which was not the basis for the immigration judge's adverse opinion, and cursory challenges based on due process and the Board's streamlined

decision. Durini-Garcia has not preserved any other argument that could call into question the decision of the immigration judge as affirmed by the Board.

The only constitutional challenge raised by Durini-Garcia is an argument that he was denied his right to an impartial hearing. He raises no claim that the immigration judge was biased, however, instead arguing that he was denied his right to a meaningful opportunity to be heard as to his deportation by the denial of the motion to rescind the 2003 *in absentia* order. That argument is meritless. The only due process right at issue here is his right to a fair hearing as to the motion to rescind the *in absentia* order, and he does not claim that the hearing on that motion violated due process.

In a cursory manner, Durini-Garcia also asserts that the Board erred in dismissing the appeal without opinion, arguing that the Board is required to show that it reviewed the record and considered the issues. That argument is set forth only in the Summary of Argument section and never developed in the Argument section, but even if we were to consider it raised, it is without merit because we have held that the streamlined review process is constitutional and Durini-Garcia points to no violation of the applicable streamlining procedures. See *Ward v. Holder*, 632 F.3d 395, 398 (7th Cir. 2011) 8 C.F.R. § 1003.1(e)(4).

Finally, Durini-Garcia notes that he has filed a motion for reconsideration and a motion to reopen with the Board including an application for asylum, and suggests that in the interest of judicial economy we should hold this proceeding in abeyance until the Board has ruled on those motions. Given that we are not engaged in an analysis of the underlying issues in this case because they were not preserved or were not dispositive to the immigration judge below, there is no benefit to judicial economy in holding these proceedings in abeyance. There is no reason to believe that there will be any overlap between this decision and any appeal from those motions.

Accordingly, the petition for review is denied.