FILED
United States Court of Appeals
Tenth Circuit

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PETER DAUSEN MUNIS,

       Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

       Respondent.

No. 12-9593

**PETITION FOR REVIEW OF A DECISION FROM
THE BOARD OF IMMIGRATION APPEALS**

Submitted on the briefs:[*]

Peter Dausen Munis, Pro Se.

Stuart F. Delery, Acting Assistant Attorney General, William C. Peachey, Assistant
Director, Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, Civil
Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**BRORBY**, Senior Circuit Judge.

Petitioner Peter Dausen Munis, who appears in this court pro se, is a native of Rwanda and a citizen of Tanzania. He appeals from an order of the Board of Immigration Appeals (BIA) that dismissed his administrative appeal from an order of the immigration judge (IJ) denying his requests for discretionary relief from removal. We dismiss the petition for review for lack of jurisdiction.

Petitioner entered the United States as a nonimmigrant student in 1999. He stopped attending school and got a job without authorization, which led to the initiation of removal proceedings against him in 2006 for failing to maintain his nonimmigrant status. *See* 8 U.S.C. § 1227(a)(1)(C)(i). The government presented evidence of petitioner's criminal history, which began in 2000. Petitioner conceded the charge of removability but sought discretionary relief from removal. He sought adjustment of status under 8 U.S.C. § 1255 based on his 2003 marriage to a United States citizen. But because one of his convictions constituted a crime involving moral turpitude, making him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I), he also sought a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), based on alleged extreme hardship to his wife, if he is removed. In the alternative to relief from removal, he requested voluntary departure under 8 U.S.C. § 1229c. The IJ denied petitioner any relief, and the BIA dismissed his administrative appeal.

Construing petitioner's brief broadly in light of his pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), he challenges the agency's denial of

a waiver of inadmissibility and adjustment of status, the agency's hardship determination in connection with those denials, and the agency's denial of voluntary departure. All of these decisions are discretionary and generally not subject to judicial review. *See* 8 U.S.C. § 1252(a)(2)(B)(i). We have jurisdiction to review "constitutional claims or questions of law," *see id.* § 1252(a)(2)(D), but we take a "restrictive view of § 1252(a)(2)(D)," *Shepherd v. Holder*, 678 F.3d 1171, 1179-80 (10th Cir. 2012). We have held, for example, that reviewable questions of law include the interpretation of treaties and certain issues regarding statutory construction. *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1019 n.5 (10th Cir. 2007). But we have also held that "a challenge to the agency's discretionary and fact-finding exercises cloaked in constitutional garb . . . remain[s] outside the scope of judicial review." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

The agency's discretionary denial of a waiver of inadmissibility or adjustment of status is unreviewable in the absence of a legal or constitutional question. *Schroeck v. Gonzales*, 429 F.3d 947, 950-51 (10th Cir. 2005) (discussing the explicit jurisdictional bar in § 1252(a)(2)(B)(i), as qualified by § 1252(a)(2)(D)).

We have never held specifically that the hardship determination underlying the denial of a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B) is an unreviewable discretionary decision, although two of our sister circuits have. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170-71 (3d Cir. 2008) (per curiam);

- 3 -

*Rodrígues-Nascimento v. Gonzáles*, 485 F.3d 60, 62 (1st Cir. 2007); *cf. Bugayong v. INS*, 442 F.3d 67, 73 (2d Cir. 2006) (per curiam) (noting that an IJ's hardship determination, as previously held under circumstances analogous to § 1182(h), "is itself a discretionary determination that we have no jurisdiction to review"); *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 123 (2d Cir. 2007) (per curiam) (reaffirming that the hardship determination for a waiver of inadmissibility under § 1182(i) is an unreviewable discretionary decision).

We now hold based on existing Tenth Circuit law that the hardship determination required for a waiver of inadmissibility under § 1182(h)(1)(B) is an unreviewable discretionary decision. We have previously observed that "8 U.S.C. § 1182(h)(2) provides that '[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver [of inadmissibility] under this subsection.'" *Schroeck*, 429 F.3d at 950 (quoting § 1182(h)(2)). And considering a similar hardship issue, we have held that the agency's hardship determination for cancellation of removal under 8 U.S.C. § 1229b "involved an exercise of discretion insulated from our review under § 1252(a)(2)(B)(i)." *Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009). Sections 1182(h) and 1229b are both listed in the explicit jurisdictional bar for the agency's discretionary decisions in § 1252(a)(2)(B)(i). In addition, this court has noted generally that "challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006)

(discussing the exception to the discretionary decision bar in § 1252(a)(2)(B) for legal and constitutional questions under § 1252(a)(2)(D)).  Accordingly, we may not review the agency's hardship determination in this case.

The agency's decision not to grant voluntary departure is also discretionary and outside our jurisdiction in the absence of a constitutional or legal question. *Kechkar*, 500 F.3d at 1083.

Petitioner's brief on appeal cannot be read to raise any discernible legal or constitutional question that would fall within this court's jurisdiction under § 1252(a)(2)(D).  As a result, we lack jurisdiction to review the BIA's decision.

The petition for review is dismissed.