**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAIME MORALES, a/k/a Angel
Hernandez, a/k/a Jaime Morales-Campos,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

Nos. 12-9583 & 13-9533
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

---

Jaime Morales has filed two petitions for review of orders of the Board of

Immigration Appeals (BIA). In the first petition, No. 12-9583, he seeks review of a

BIA order affirming a decision by an Immigration Judge (IJ) that he is ineligible for

adjustment of status because he made a false claim to United States citizenship that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

renders him inadmissible. In the second petition, No. 13-9533, he seeks review of a BIA order denying his motion to reopen. We have consolidated the appeals under 8 U.S.C. § 1252(b)(6).[1] In No. 12-9583, we dismiss the petition for lack of jurisdiction. In No. 13-9533, we dismiss the petition in part and deny it in part.

## I.  BACKGROUND

Mr. Morales is a native and citizen of Mexico. He was born in 1981 and entered the United States with his parents in 1988. He lived in California until his family moved to Utah in 1999. He married a United States citizen in 2002 and has four children who are United States citizens.

In 2011, he was charged with inadmissibility under § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. At a hearing before the IJ, he conceded removability and requested to adjust his status to legal permanent resident under § 1255(i). Because of a controlled-substance offense that rendered him inadmissible under § 1182(a)(2)(A)(i)(II), he also sought a § 1182(h) waiver, which gives the Attorney General discretionary authority to waive that basis of inadmissibility when the offense involves simple possession of 30 grams or less of marijuana. The relevant provision of § 1182(h) required him to show that "denial of admission would result in extreme hardship to" his U.S.-citizen wife and children. § 1182(h)(1)(B).

---

[1]  Unless otherwise noted, all further statutory references (which are denoted by a "§" symbol or the word "section") are to Title 8 of the United States Code.

During the hearing, Mr. Morales testified that, before moving to Utah, his ex-brother-in-law gave him a copy of a birth certificate bearing the name "Angel Hernandez" and a social security number belonging to an "Angel Hernandez." He stated that he used that alias at times when he was arrested. In response to questioning by the IJ, Mr. Morales admitted that he used the birth certificate to obtain work in Utah, apparently in 1999, because it was "the only status [he had] to work." R. at 423.[2] That caused the IJ to consider whether Mr. Morales was inadmissible under § 1182(a)(6)(C)(ii)(I) for having made a false claim to United States citizenship in order to obtain a benefit under the law.[3] To that end, the IJ granted Mr. Morales's attorney, Laura Lui, two continuances so that she could gather any evidence that might assist Mr. Morales in meeting his burden to show that he was eligible for the relief he had applied for.

Although Ms. Lui searched various sources of employment information, she was unable to produce any further dispositive evidence. Accordingly, the IJ found that Mr. Morales had clearly testified that he used a birth certificate to make a false claim to United States citizenship. Based on that testimony, the IJ concluded that Mr. Morales failed to meet his burden to show he was not inadmissible under

---

[2]    For convenience, all record cites are to the record filed in No. 13-9533, which contains the complete administrative record.

[3]    Section 1182(a)(6)(C)(ii)(I) provides:  "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible."

§ 1182(a)(6)(C)(ii)(I).  Because there is no waiver of this ground of inadmissibility, the IJ determined that Mr. Morales was ineligible for adjustment of status, and the IJ therefore did not make any findings regarding the hardship waiver or whether Mr. Morales merited that relief as a matter of discretion.

Mr. Morales appealed to the BIA.  As relevant to his petitions for review, he argued that any claim of citizenship occurred when he was a juvenile and living in an "alcohol daze" and unable to recall the actual details of that claim to citizenship.  R. at 253.  He therefore contended that the IJ should have given him more of a chance to explain "what really happened" and that the alleged false claim "could have been something much more innocent," although he did not say what.  *Id.* at 254.  He also argued that his qualifying relatives would suffer extreme hardship if he were removed.

The BIA upheld the IJ's decision and dismissed the appeal.  The BIA concluded that there was no clear error in the IJ's factual findings and no legal error in the conclusion that Mr. Morales failed to meet his burden of proof to establish that he is not inadmissible under § 1182(a)(6)(C)(ii)(I).  The BIA also noted that Mr. Morales summarily stated in his notice of appeal that the proceedings deprived him of due process and violated his rights under the immigration laws, but the only related assertion in his brief was that the IJ should have given him a greater opportunity to explain the circumstances surrounding the birth-certificate incident. The BIA determined that the IJ gave Mr. Morales a sufficient opportunity to offer an

- 4 -

explanation and otherwise did not exhibit any bias. The BIA concluded that the due-process allegation was unsubstantiated and failed to explain how Mr. Morales was prejudiced. Therefore, the BIA determined, the claimed due process violation did not warrant a remand for a new hearing.

After obtaining new counsel, Mr. Morales filed a timely motion to reopen with the BIA. He asserted that his prior attorney, Ms. Lui, rendered ineffective assistance of counsel before the IJ by not exploring (1) whether he in fact used a fake green card and social security number instead of a birth certificate in order to obtain employment and (2) his minority status when made the false claim to citizenship. He supported these claims with a sworn declaration stating that he was confused at the hearing when he said he used a birth certificate to obtain employment and that, if Ms. Lui had asked follow-up questions when given the opportunity, he would have clarified that he in fact used a fake green card bearing the name "Angel Hernandez" to obtain employment. He further stated that after the hearing where he testified, he told Ms. Lui he had made a mistake—that he had in fact used a fake green card, not a birth certificate. He also argued that Ms. Lui was ineffective by leading him into questions about his employment history, neglecting to request post-conclusion voluntary departure, failing to marshal evidence, failing to present a claim of ineffective assistance with regard to voluntary departure on appeal to the BIA, and not fleshing out the due process allegation that the BIA had considered unsupported.

Finally, Mr. Morales claimed that the IJ did not fulfill his obligation to inform him of his apparent eligibility for voluntary departure.

The BIA denied the motion to reopen. It first concluded that Mr. Morales did not submit new or material evidence that Ms. Lui's representation was ineffective with regard to whether he had falsely presented a U.S. birth certificate or was a minor at the time he did so. The BIA stated that Mr. Morales had "unambiguously testified" before the IJ that he used the birth certificate to obtain employment in Utah. R. at 4. The BIA refused to give material weight to the conflicting claim in Mr. Morales's declaration that he had in fact used a false green card, not a birth certificate, because of his testimony before the IJ, the lack of any corroborating evidence, and the IJ's factual determination that he had presented a false birth certificate. The BIA further determined that Mr. Morales had presented no new evidence regarding his age when he first used the birth certificate and concluded that, in any event, he continued to be employed by the same employer until he was twenty-two or twenty-three years old, so "he continued to accept the benefit of his false and unretracted claim of United States citizenship into adulthood." *Id.*

Next, the BIA stated that the motion to reopen failed to identify or present any evidence Ms. Lui allegedly failed to marshal. The BIA also rejected Mr. Morales's claim that Ms. Lui was ineffective by failing to present a claim for post-conclusion voluntary departure. The BIA relied on statements in Ms. Lui's affidavit, submitted in support of the government's response to the motion to reopen, that she discussed

- 6 -

the possibility of voluntary departure with Mr. Morales but he refused to accept it, so she did not raise it with the IJ. Finally, the BIA concluded that even if Ms. Lui had been ineffective, Mr. Morales had failed to "show through new evidence or evidence already of record that [his] case would satisfy the hardship or discretionary factors (particularly in light of his criminal history) that are essential to his claim for relief." *Id.* at 5.

## II.    DISCUSSION

### A.    No. 12-9583

In No. 12-9583, the petition for review of the BIA's merits decision, Mr. Morales primarily argues that his due process rights were violated by Ms. Lui's allegedly ineffective assistance. The problem for Mr. Morales is that, prior to judicial review, an alien must "exhaust[] all administrative remedies available to the alien as of right," § 1252(d)(1), and exhaustion is jurisdictional, *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007). He did not expressly present any ineffective-assistance claims to the BIA in his appeal from the IJ's decision, and his allegation of a due process violation, which the BIA deemed insufficiently developed to merit remand, did not even imply an ineffective-assistance claim. Accordingly, the ineffective-assistance issue in No. 12-9583 is unexhausted, and we lack jurisdiction over it. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court."). There is a narrow exception

- 7 -

to the exhaustion requirement where the BIA independently takes up an issue not appealed to it. *Id.* at 1238. But in order for that exception to apply, "the BIA's ruling must (1) clearly identify a claim, issue, or argument not presented by the petitioner; (2) demonstrate that the agency chose to exercise its discretion to entertain that matter; and (3) explicitly decide that matter in a full explanatory opinion or substantive discussion." *Id.* at 1238-39. The BIA's treatment of the due process argument does not satisfy any of these requirements.

Mr. Morales also claims the IJ erred because "there are factual discrepancies on whether [he] falsely and knowingly made a false claim to citizenship, what document he used to make the false claim and his age at the time of the false claim." Pet'r's Br. at 21. This argument was not presented to the BIA, nor did the BIA actually consider and rule on it, so we lack jurisdiction to consider it. *See Garcia-Carbajal*, 625 F.3d at 1238-39. Furthermore, he bases this argument on the declaration he submitted in support of his motion to reopen, which was not part of the record before the BIA when it decided the merits appeal. Hence, we may not consider it. *See* § 1252(b)(4)(A) (limiting judicial review to "the administrative record on which the order of removal is based").[4]

---

[4] Mr. Morales also argues that he made the requisite showing of extreme hardship necessary to the § 1182(h) waiver. That issue is not properly before us in this petition because neither the IJ nor the BIA, in its merits decision, ruled on hardship. *See Sarr v. Gonzales*, 474 F.3d 783, 791 (10th Cir. 2007) (stating that we do not "decid[e] immigration appeals on the basis of grounds not expressly or impliedly adopted by the BIA").

**B. No. 13-9533**

In No. 13-9533, the petition for review of the BIA's denial of the motion to reopen, Mr. Morales argues that Ms. Lui provided ineffective assistance of counsel in connection with the birth-certificate incident. However, this overlooks the BIA's alternate resolution—that even if Ms. Lui was ineffective, Mr. Morales still failed to show that he would satisfy the hardship or discretionary factors essential to his claim for relief, which required him to obtain the § 1182(h)(1)(B) waiver in order to adjust his status under § 1255(i). We lack jurisdiction to review the BIA's alternate determination because, in relevant part, § 1252(a)(2)(B)(i) bars judicial review of "any judgment regarding the granting of relief under section 1182(h)." *See also Munis v. Holder*, 720 F.3d 1293, 1295 (10th Cir. 2013) (holding "that the hardship determination required for a waiver of inadmissibility under § 1182(h)(1)(B) is an unreviewable discretionary decision"). Although § 1252(a)(2)(D) permits judicial review of constitutional claims or questions of law, it does not apply here because Mr. Morales has not raised any such claims or questions with regard to the BIA's alternate disposition.

Because we lack jurisdiction to review the BIA's alternate determination, we need not decide whether the BIA erred with respect to Ms. Lui's effectiveness, at least with regard to the birth-certificate incident and the due process claim the BIA considered undeveloped in the merits appeal. But Mr. Morales also argues that Ms. Lui was ineffective before the IJ by failing to request post-conclusion voluntary

departure and before the BIA by not raising that failure.[5]  The BIA's alternate

resolution does not obviate consideration of these arguments because the BIA based

that resolution on Mr. Morales's failure to show he "satisf[ied] the hardship or

discretionary factors . . . that are essential to his claim for relief," R. at 5, and the

"claim for relief" the BIA was referring to was the hardship waiver, not

post-conclusion voluntary departure.  Hence, we see no jurisdictional impediment to

our review of the BIA's disposition of these post-conclusion voluntary-departure

arguments.

---

[5]    In addition, Mr. Morales argues that Ms. Lui was ineffective by not advising him of the two types of voluntary departure (pre- and post-conclusion voluntary departure) and in not pursuing pre-conclusion voluntary departure.  However, in the memorandum supporting his motion to reopen, he acknowledged that pre-conclusion voluntary departure is a type of relief, *see* R. at 69-70, but he did not raise either of the pre-conclusion issues he advances here.  Instead, his motion specifically asked for reopening to consider adjustment of status and post-conclusion voluntary departure. *See id.* at 36.  In his supporting memorandum, he titled his argument "[Mr. Morales] did not knowingly waive his right to pursue post-conclusion [voluntary departure] and counsel was ineffective for not seeking the relief." *Id.* at 69 (capitalization, boldfacing, and underlining omitted).  Further, he focused on Ms. Lui's failure to pursue post-conclusion voluntary departure. *See, e.g.*, *id.* at 61 ("[I]t appears that [Ms. Lui] completely neglected to request voluntary departure as an alternative relief to adjustment and in lieu of removal"); *id.* at 70 ("[Mr. Morales] does not recall that [Ms. Lui] explained the possibility of post-conclusion voluntary departure in the event that his application for adjustment of status was denied by the [IJ] . . . ."); *id.* at 71-72 (stating that he "desired to seek voluntary departure as an alternative relief to the IJ finding him removable"); *id.* at 72 (claiming that Ms. Lui "failed to properly advise [him] of all of the possible options for relief, including the ability to pursue [the] adjustment application and still receive voluntary departure").  Moreover, the BIA did not expressly take up or decide the pre-conclusion issues he now raises in his petition for review.  We therefore lack jurisdiction to consider them. *See Garcia-Carbajal*, 625 F.3d at 1238-39; *Sidabutar*, 503 F.3d at 1118-22 (extending issue-exhaustion requirement to issues that could have been raised in a motion to reopen or reconsider).

We review the denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation omitted).

In addressing Mr. Morales's claim that Ms. Lui was ineffective with regard to post-conclusion voluntary departure, the BIA relied on a statement in her affidavit that she had discussed voluntary departure with Mr. Morales but he refused to accept it. Ms. Lui further stated in her affidavit that Mr. Morales's refusal to accept voluntary departure was the reason she did not present it to the IJ. The BIA apparently did not credit Mr. Morales's declaration, where he stated that Ms. Lui failed to discuss voluntary departure with him prior to the hearing where he testified and did not tell him he could obtain voluntary departure even if the IJ denied his adjustment application.

Mr. Morales argues that by accepting Ms. Lui's affidavit over his declaration, the BIA engaged in factfinding prohibited by regulation. But the relevant regulation states that the BIA "will not engage in factfinding *in the course of deciding appeals*." 8 C.F.R. § 1003.1(d)(3)(iv) (emphasis added). It is inapplicable here because the BIA evaluated factual evidence in connection with a motion to reopen, not "in the course of deciding [an] appeal[]." *Id.* Mr. Morales's reliance on a number of cases in support of this argument is similarly misplaced because they all concerned

- 11 -

limitations on the BIA's factfinding capability during appeals. Moreover, the BIA also determined that the motion failed to establish Mr. Morales's eligibility for any relief, and nowhere in the record or in his petition for review has Mr. Morales made a showing that he is eligible for post-conclusion voluntary departure. Therefore, he failed to show the prejudice necessary for a successful claim of ineffective assistance of counsel. *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc) (holding that, in order to prevail on a due process claim, an alien must show there is reasonable likelihood he would have obtained the requested relief had an IJ specifically advised him about that relief); *Matter of Assaad*, 23 I. & N. Dec. 553, 562 (BIA 2003) (requiring an alien to show he is eligible for relief in order to establish the prejudice necessary to a successful ineffective-assistance claim regarding such relief); *see also Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (stating that "a claim of ineffective assistance of counsel in a deportation proceeding may be based only on the Fifth Amendment guarantee of due process" and requires an alien to "show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair").

Mr. Morales also claims that the IJ did not fulfill his obligation under 8 C.F.R. § 1240.11(a)(2) to inform him of his apparent eligibility for either form of voluntary departure.[6] Although he raised this issue in his motion to reopen, the BIA did not

---

[6] In relevant part, 8 C.F.R. § 1240.11(a)(2) provides: "The immigration judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits

(continued)

address it. We nonetheless see no error because the purpose of a motion to reopen is to consider new factual evidence, not mount a collateral attack on an underlying IJ decision by advancing new claims of legal error that could have been raised (but were not) in a merits appeal. *See* § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); 8 C.F.R. § 1003.2(c)(1) (prohibiting the BIA from granting a motion to reopen "unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"). Mr. Morales further asserts that the BIA deviated from its own policy in not reopening the case and remanding for the IJ to properly advise him of his eligibility for voluntary departure. However, the case he relies on, *In re Mendoza Loera*, 2011 WL 6962801 (BIA Dec. 8, 2011) (unpublished), did not involve a motion to reopen but an appeal from an IJ decision.[7]

---

enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing, in accordance with the provisions of [8 C.F.R.] § 1240.8(d)."

[7] Mr. Morales also contends that the IJ did not give him a sufficient opportunity to explain the circumstances surrounding the birth-certificate incident. We lack jurisdiction to consider this argument because he did not raise it in his motion to reopen and the BIA did not rule on it. *See Garcia-Carbajal*, 625 F.3d at 1238-39; *Sidabutar*, 503 F.3d at 1118-22. Furthermore, for the reasons just explained in the body of this decision, alleged error in the underlying IJ decision is not the proper target of a motion to reopen.

(continued)

Finally, Mr. Morales asks us to remand based on our "inherent authority," Pet'r's Br. at 55, because there is pending legislation in Congress that may eventually benefit him. In support of his request, he cites *Ford Motor Co. v. NLRB*, 305 U.S. 364 (1939), and *Becerra-Jimenez v. INS*, 829 F.2d 996 (10th Cir. 1987). But *Ford*, on which *Becerra-Jimenez* relied, involved a remand to an agency, at the agency's request, for additional evidence and findings so the agency could reconsider "the entire case." *Ford Motor Co.*, 305 U.S. at 367. The Court noted that the purpose of the remand was to correct a "defect in the record," *id.* at 373, so that the agency could "take further action in accordance with the applicable law." *Id.* at 374. Pending legislation is not "applicable law." Moreover, the remand in *Becerra-Jimenez* concerned previously unavailable evidence and was based on 28 U.S.C. § 2347(c). *See* 829 F.2d at 1001-02. However, § 2347(c) is no longer an available basis for judicial remands in reviews of removal orders or orders denying reopening. *See* § 1252(a)(1) (providing that, in reviewing removal orders, a "court may not order the taking of additional evidence under [28 U.S.C. §] 2347(c)"); *Ali v. U.S. Attorney Gen.*, 443 F.3d 804, 809 n.2 (11th Cir. 2006) (stating that "the

To the extent Mr. Morales claims that Ms. Lui was ineffective before the BIA in the merits appeal by not raising the IJ's purported failure to advise him about voluntary departure, he did not advance such a theory in his motion to reopen; instead, he claimed that Ms. Lui was ineffective in not requesting post-conclusion voluntary departure, R. at 61-62; 69-72, and in not raising that failure in the merits appeal, *see* R. at 66 ("Further, had the appeal been properly litigated, . . . competent appellate counsel would have shown that trial counsel was ineffective for not pursuing voluntary departure . . . ."). Therefore, we lack jurisdiction to consider this theory. *See Garcia-Carbajal*, 625 F.3d at 1238-39; *Sidabutar*, 503 F.3d at 1118-22.

- 14 -

limitations on our jurisdiction to review a final order of removal . . . also control our jurisdiction to review an order denying a motion to reopen a final order of removal"). Hence, neither case provides a basis for us to exercise any "inherent authority" we may possess. And in any event, courts render decisions based on existing law, not pending legislation. *See Kennedy v. Louisiana*, 554 U.S. 407, 431 (2008) (stating that it is not "sound" for a court "to find contemporary norms based upon [pending] state legislation"). Accordingly, we deem the remand request frivolous and deny it.

## III.   CONCLUSION

The petition for review in No. 12-9583 is dismissed for lack of jurisdiction. The petition for review in No. 13-9533 is dismissed in part for lack of jurisdiction and denied in part.

Entered for the Court

Wade Brorby
Senior Circuit Judge