**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 15-2328

_____

JOSE RAUL VALERO ARREDONDO, a/k/a Jose Raul Arredondo,

        Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  April 19, 2016          Decided:  May 6, 2016

_____

Before WYNN and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Japheth N. Matemu, MATEMU LAW OFFICE P.C., Raleigh, North Carolina, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Song Park, Senior Litigation Counsel, Surell Brady, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Raul Valero Arredondo, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). Whether the alien has established the requisite hardship for cancellation of removal is a discretionary determination. See Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003) ("[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction."); see also Munis v. Holder, 720 F.3d 1293, 1295 (10th Cir. 2013) (hardship determination is an unreviewable discretionary decision). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

2

The fact that Arredondo is seeking review of the Board's denial of his motion to reopen, as opposed to the initial denial of his request for cancellation of removal, is of no consequence. To determine whether we have jurisdiction over the Board's denial of Arredondo's motion to reopen, "we must consider the [Board]'s basis for the denial." Sorcia, 643 F.3d at 126. Where "the [Board] ma[k]e[s] a discretionary decision on the merits of an enumerated provision [of § 1252(a)(2)(B)(i)], the fact that it d[oes] so through denying a motion to reopen d[oes] not save appellate jurisdiction." Obioha v. Gonzales, 431 F.3d 400, 407 (4th Cir. 2005); accord Alzainati v. Holder, 568 F.3d 844, 849 (10th Cir. 2009) ("Because § 1252(a)(2)(B)(I) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the [Board's] denial of a motion to reopen because the alien still has failed to show the requisite hardship.").

Here, Arredondo submitted additional evidence with his motion to reopen, including evidence of his father's declining health. The Board concluded that this new evidence, when considered with Arredondo's other evidence, did not establish the requisite hardship. Because the Board clearly concluded that Arredondo still failed to meet his burden of demonstrating that his father would suffer exceptional and extremely unusual

3

hardship if Arredondo returns to Mexico, we find ourselves without jurisdiction.

Accordingly, we dismiss the petition for review.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

---

* We note that Arredondo raises no colorable questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012).

4