FILED
United States Court of Appeals
Tenth Circuit

July 14, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIK VASQUEZ-CASTILLO,

    Petitioner,

v.

MERRICK B. GARLAND,  United States
Attorney General,[*]

    Respondent.

No. 20-9591
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Petitioner Erik Vasquez-Castillo, a native and citizen of Mexico, seeks review

of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of a

decision by an immigration judge (IJ) that denied his application for an adjustment of

status and a waiver of inadmissibility.  He asserts that the IJ improperly used a

heightened hardship standard to evaluate his application for a waiver of

---

[*] On March 11, 2021, Merrick B. Garland became Attorney General of the United
States.  Consequently, he has been substituted as Respondent.  *See* Fed. R. App. P.
43(c)(2).

[**] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

inadmissibility, and he claims that the IJ deprived him of due process by issuing a decision without receiving his closing arguments.

We deny the petition for review. Petitioner's first claim fails because he has not adequately challenged the IJ's discretionary ground for denying his waiver application, an independently dispositive basis for denial that, in any event, we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B). We do have jurisdiction under § 1252(a)(2)(D) to review the due-process claim, but this claim fails because Petitioner has not shown that the IJ actually deprived him of an opportunity to submit closing arguments, and even if the IJ had, Petitioner has not shown prejudice.

I.      BACKGROUND

A.      Adjustment of Status

Adjustment of status enables certain noncitizens who entered the United States without inspection to obtain permanent-resident status in the United States. *See* 8 U.S.C. § 1255(i); 8 C.F.R. Part 1245. Two requirements for such adjustment are that the noncitizen be eligible to receive an immigrant visa and be admissible to the United States for permanent residence. 8 U.S.C. § 1255(i)(2). Even if the noncitizen is not admissible, however—perhaps because he committed certain crimes, *see id.* § 1182(a)(2)—he may be eligible for a discretionary waiver of inadmissibility. *See id.* § 1182(h); *Matter of Mendez-Moralez*, 21 I & N Dec. 296, 298–99 (BIA 1996). One ground for eligibility is that his removal "would result in extreme hardship to [his] United States citizen or lawfully resident spouse, parent, son, or daughter." 8 U.S.C. § 1182(h)(1)(B). But if he has committed a "violent or dangerous crime[],"

2

he can establish eligibility only by showing that denial of adjustment of status would result in "exceptional and extremely unusual hardship." 8 C.F.R. § 1212.7(d). Even then, eligibility does not guarantee the grant of a waiver. The IJ has discretion to deny a waiver to an eligible applicant. *See id.*; 8 U.S.C. § 1182(h)(2); *Matter of C-A-S-D-*, 27 I. & N. Dec. 692, 699 (BIA 2019). The IJ exercises that discretion by balancing "adverse factors, particularly those involving the alien's criminal conduct," against those weighing in favor of granting a waiver. *Id.*

### B. Petitioner's Case

Petitioner was brought to the United States as a three-year-old child in 1996. In 2009 the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner and his parents. The three admitted that they had entered the United States illegally, without being admitted or paroled. Petitioner's parents sought cancellation of removal based on hardship to Petitioner's younger sister, who was a United States citizen, relief that an IJ eventually granted. The IJ then ruled that no further action would be taken in Petitioner's case at that time.

In 2016 Petitioner pleaded guilty in New Mexico state court to robbery, residential burglary, commercial burglary, and larceny. He received a six-year suspended sentence. In 2018 Petitioner was arrested by Immigration and Customs Enforcement agents, and on motion by DHS the removal proceedings against him were reopened. He apparently was then detained until his deportation.

In the removal proceedings Petitioner applied for an adjustment of status on the ground that he is an "immediate relative of a U.S. citizen," Certified

3

Administrative Record (CAR) at 1169, and for a waiver of his criminal-history ground of inadmissibility. The IJ held a hearing on Petitioner's applications on December 16, 2019. One issue at the hearing was whether Petitioner's application for a waiver of inadmissibility was subject to the "extreme hardship" standard found in 8 U.S.C. § 1182(h)(1), or—because his convictions may have been for violent or dangerous crimes—the "exceptional and extremely unusual hardship" standard found in 8 C.F.R. § 1212.7(d). Rather than resolve the issue that day, the IJ took testimony and scheduled an additional hearing for December 24, at which time he planned to issue a decision. The IJ ordered closing briefs on the issue of the appropriate hardship standard to be submitted by December 24. Petitioner never filed a closing brief.

On December 20 the IJ rescheduled the follow-up hearing for January 8, 2020. Apparently the January 8 hearing was also postponed, and on January 15, 2020, the IJ issued a decision denying Petitioner's applications for relief and ordering him removed to Mexico. Deciding that Petitioner's "robbery conviction was a violent or dangerous crime," the IJ applied the heightened exceptional-and-extremely-unusual hardship standard to Petitioner's waiver application and held that Petitioner had not satisfied the standard. *Id.* at 160. The IJ then ruled that "even if . . . [Petitioner] had established that his removal would result in exceptional or extremely unusual hardship," the IJ would still "decline[] to exercise [his] discretion in granting . . . a waiver" because the balance of favorable and adverse factors weighed against Petitioner. *Id.* at 161. Accordingly, the IJ ordered Petitioner removed to Mexico.

4

Petitioner appealed to the BIA, but the BIA dismissed the appeal. It said that the IJ had properly applied the heightened standard in 8 C.F.R. § 1212.7(d), and it agreed with the IJ that Petitioner had "not establish[ed] the requisite exceptional and extremely unusual hardship." *Id.* at 5. The BIA also affirmed the IJ's alternative basis for denying the waiver, stating that "[Petitioner] has not carried his burden of establishing that he warrants relief as a matter of discretion." *Id.* at 6. Finally, the BIA rejected Petitioner's argument that he had been denied due process because he was unable to present a closing argument to the IJ; the BIA observed that he "was provided with the opportunity to fully present his claims before the [IJ]," and that he had "not established that the absence of a closing statement" prejudiced him. *Id.*

## II.    DISCUSSION

We review the BIA's decision as the final order of removal, although "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "We consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard." *Addo v. Barr*, 982 F.3d 1263, 1268 (10th Cir. 2020) (internal quotation marks omitted). "Under the substantial-evidence standard, the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted).

Petitioner raises two issues in his petition: first, whether the BIA improperly affirmed the IJ's application of the heightened hardship standard in 8 C.F.R.

5

§ 1212.7(d) to Petitioner's application for a waiver of inadmissibility; and second, whether the BIA erred in concluding that Petitioner was not denied due process during his removal proceedings.

### A.    Hardship Standard

Petitioner argues that his application for a waiver of inadmissibility was improperly denied because of the errors by the IJ and BIA in assessing whether he had established the requisite hardship.  But he needed to make *two* showings to obtain a waiver:  (1) a hardship showing under 8 U.S.C. § 1182(h)(1)(B) or 8 C.F.R. § 1212.7(d), and (2) a showing that a waiver was merited as a matter of discretion under § 1182(h) based on "balancing the adverse factors with the equities" in favor of granting the waiver.  *Matter of C-A-S-D-*, 27 I. & N. Dec. at 699; *see id.* (even if hardship requirement is satisfied, a "waiver and adjustment of status may still be denied in the exercise of discretion"); 8 U.S.C. § 1182(h); *Schroeck v. Gonzales*, 429 F.3d 947, 949 (10th Cir. 2005) ("Although adjustment of status and a waiver of inadmissibility both have certain prerequisites that must be met, both forms of relief are matters ultimately left to the agency's discretion to decide.").  Petitioner's challenge to the BIA ruling founders on the second showing.

To begin with, Petitioner makes at most only a perfunctory statement (better described as an observation than as an argument) regarding the second requirement.[1]

---

[1]  Petitioner's full statement on this issue is as follows:
> Lastly, the IJ and the BIA applied Section 1212.7(d) incorrectly because it failed to consider Petitioner's waiver beyond "exceptional and extremely unusual hardship". 8 C.F.R. Section 1212.7. The Petitioner

Because arguments that are inadequately briefed are waived, *see Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) ("[B]ecause the issue was insufficiently raised in the opening brief, . . . it has been waived."), we need not review this ground of the BIA's decision.

Moreover, even had Petitioner adequately challenged the BIA's affirmance of the IJ's discretionary denial of his waiver application, we would lack jurisdiction to review such a denial. We generally have no jurisdiction to review a denial of relief under § 1182(h) or a decision in which discretion is vested in the Attorney General (ordinarily acting through the BIA or IJ), *see* 8 U.S.C. § 1252(a)(2)(B), except to resolve a constitutional or legal question, *see id.* § 1252(a)(2)(D); *Munis v. Holder*, 720 F.3d 1293, 1295 (10th Cir. 2013) ("The agency's discretionary denial of a waiver of inadmissibility or adjustment of status is unreviewable in the absence of a legal or constitutional question."). Since Petitioner has failed to raise any discernible legal or constitutional question with respect to the discretionary denial of his waiver

---

was denied the opportunity to brief the court regarding the heightened standard but Petitioner briefed extensively his positive equities to the BIA. However, *the BIA held that it agreed with the IJ and held that the Petitioner failed to carry his burden that he merited a positive exercise of discretion, whether it applied the ordinary discretionary standards or 8 C.F.R. Section 1212.7(d). The BIA made a discretionary holding without any consideration to whether Petitioner's positive equities constituted extraordinary circumstances for purposes of Section 1212.7(d).* Therefore, the IJ and the BIA applied the incorrect standard in this case. *See Samuels v. Chertoff*, 550 F.3d 252, 262 (2d Cir. 2008) (exercising jurisdiction to consider whether the correct standard was applied under Section 1212.7(d)).
Aplt. Br. at 23 (emphasis added).

application under § 1182(h)(2), we have no jurisdiction to review that denial. *See Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009) ("[C]hallenges directed solely at the agency's discretionary . . . determinations remain outside the scope of judicial review." (internal quotation marks omitted)); *cf. Munis*, 720 F.3d at 1295 ("[T]he hardship determination required for a waiver of inadmissibility under § 1182(h)(1)(B) is an unreviewable discretionary decision.").

Because we cannot overturn the discretionary determination of the IJ and the BIA, Petitioner's challenge to the denial of the waiver of inadmissibility must be rejected. The discretionary determination is independently dispositive of Petitioner's application for a waiver, *see* 8 U.S.C. § 1182(h); *Matter of C-A-S-D-*, 27 I. & N. Dec. at 699, so we can deny Petitioner's challenge to the waiver denial on that ground alone, regardless of the correctness of the hardship determination, *see Rodas-Orellana v. Holder*, 780 F.3d 982, 991–92 n.10 (10th Cir. 2015) (petitioner contended that he had been persecuted because of his membership in a group that, in his view, qualified as a "particular social group"; because court determined that the group failed to satisfy one of the requirements for being a "particular social group," it had no need to consider whether a separate requirement was satisfied); *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 613 n.7 (10th Cir. 2008) (Gorsuch, J.) ("[W]here a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an

8

independent and adequate basis, regardless of the correctness of the first alternative.").

### B.    Due Process

Petitioner argues that he was deprived of due process because he "was prevented from presenting his closing statement before the [IJ]." Aplt. Br. at 24. Because this due-process claim raises a constitutional question, we have jurisdiction to review it. *See* 8 U.S.C. § 1252(a)(2)(D). But it lacks merit.

"When facing removal, aliens are entitled . . . to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Vladimirov v. Lynch*, 805 F.3d 955, 962 (10th Cir. 2015) (brackets and internal quotation marks omitted). To prevail on his due-process claim, Petitioner must establish both that he was deprived of a fair procedure and that the deprivation prejudiced him. *See Alzainati*, 568 F.3d at 851. He has established neither.

Petitioner asserts that the IJ directed him to submit his closing argument on "the day of the [next] hearing," Aplt. Br. at 25, but by rescheduling the hearing and then issuing a decision without holding the hearing, the IJ denied Petitioner the opportunity to present his arguments. The record shows, however, that the IJ instructed Petitioner to submit his closing briefing "on the 24th [of December]," and then stated "[c]ourt's going to reconvene this matter at 8:30, December 24th, with the understanding that [Petitioner's counsel] would have delivered, by that point . . . your brief." CAR at 598; *see* Immigr. Ct. Prac. Man. Ch. 3.1(b)(ii)(B) ("For individual calendar hearings involving detained aliens, filing deadlines are as specified by the

Immigration Court."). When the IJ rescheduled the December 24 hearing, there was no mention of closing briefs or any indication that he also extended the deadline for filing the written closing argument. Also, at no point after the IJ issued his rescheduling order did Petitioner request an extension of the deadline for filing written submissions. Petitioner has failed to establish that he was denied the opportunity to submit a closing brief. The BIA properly ruled that Petitioner was not denied procedural fairness.

Further, Petitioner has failed to establish that he was prejudiced by not submitting a closing brief. He asserts that "the BIA is highly deferential to the IJ[]." Aplt. Br. at 28. But the BIA reviews de novo any questions of law and IJ discretion (although factual determinations are reviewed for clear error). *See* 8 C.F.R. §§ 1003.1(d)(3)(i), (ii). Thus, Petitioner could have made any argument to the BIA for its independent consideration that he could have included in a closing argument to the IJ. *See Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1110 (10th Cir. 2012) ("[T]he BIA has de novo authority to in effect place [itself] back in time and consider the case as though a decision in the case on the record before [it] had never been entered." (further brackets and internal quotation marks omitted)). We have no reason to believe that the BIA's discretionary decision would have been any different if the IJ had received a closing brief, even if he had been persuaded by it. In short, Petitioner has failed to show either unfairness or prejudice.

## III. CONCLUSION

The petition for review is denied.

Entered for the Court

Harris L Hartz
Circuit Judge