**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HAMED AL-ABBODI,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 21-9551
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Hamed Al-Abbodi, a native and citizen of Iraq proceeding pro se,[1] seeks

review of a decision by the Board of Immigration Appeals (BIA) that dismissed his

appeal from an order entered by an Immigration Judge (IJ).  We dismiss the petition

for review in part for lack of jurisdiction and otherwise deny the petition.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Al-Abbodi proceeds pro se, we construe his filings liberally but do not serve as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

Al-Abbodi entered the United States as a refugee in 1992 after "engag[ing] in anti-government activities" related to Saddam Hussein's regime, Admin. R., vol. 1 at 6. He later committed several crimes, including "felony burglary, retail theft, assault and battery, child neglect/abuse, criminal mischief, and violation of a protective order." *Id.*, vol. 2 at 840.

In 1998, the government charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(ii), as a noncitizen convicted of two or more crimes of moral turpitude, and 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of an aggravated felony. Al-Abbodi missed the removal hearing due to his incarceration on some of his convictions, and an IJ ordered him removed to Iraq in absentia.

But the government did not remove Al-Abbodi. So he continued to live in the United States, and in 2003 he married a United States citizen. His wife later filed an I-130 visa petition that U.S. Citizenship and Immigration Services approved. Then in 2015, Al-Abbodi successfully petitioned the BIA to reopen his immigration proceedings to seek (1) adjustment of status to permanent resident based on either his approved visa petition under 8 U.S.C. § 1255(a), or his tenure in the United States under 8 U.S.C. § 1159(a)–(b), and (2) protection under the Convention Against Torture (CAT) based on changed country conditions in Iraq.

In the immigration proceedings, Al-Abbodi conceded that his criminal convictions rendered him inadmissible under 8 U.S.C. § 1182 such that the Attorney General would need to waive his inadmissibility under 8 U.S.C. §§ 1159(c) or

2

1182(h) in order to adjust his status.  And he further conceded that to obtain a waiver of his inadmissibility, he would need to show "that there exists exceptional and extremely unusual hardship in his case."  Admin. R., vol. 1 at 25 (citing 8 C.F.R. § 1212.7).

To support his application for a waiver of inadmissibility, Al-Abbodi presented evidence he maintained a close relationship with his adult children and his grandchildren, "seeing them almost daily and helping with [the grandchildren and] small household needs."  *Id.* at 5.  He also presented evidence that he occasionally provides financial support to his wife and minor U.S.-citizen child, who live about 300 miles away.

The BIA observed that Al-Abbodi does not live with his wife or any of his children and that all his "qualifying relatives are, essentially, financially independent from [him] although he does provide small amounts of support from time to time." *Id.*  The BIA therefore found that while Al-Abbodi's "qualifying relatives would experience emotional hardship upon his return to Iraq, such hardship does not rise to the required level" of "exceptional and extremely unusual."  *Id.*  The BIA further found that while Al-Abbodi himself will "face hardship upon his removal from the United States" because he "will be separated from his immediate family" and "will return to a country he has not lived in for almost 30 years, in which he has few surviving connections, and which experiences high rates of general violence," "these hardships are common consequences of removal."  *Id.* at 5–6.  The BIA therefore found Al-Abbodi had failed to establish "exceptional and extremely unusual hardship

3

in the aggregate," and therefore did not "meet his burden to demonstrate he merits a waiver of inadmissibility." *Id.* at 6.

To support his CAT claim, Al-Abbodi testified that while in the United States, he assisted the United States National Guard in culture training for deployment in Iraq. He further testified that he has posted disparaging remarks about the Iraqi government on social media and believes there are people in the military there that would continue to be a threat to him upon his return.

The IJ found that Al-Abbodi's evidence failed to establish a likelihood "that someone in his situation would be singled out and targeted for torture by the government." *Id.* at 65. The BIA affirmed the IJ's rejection of Al-Abbodi's CAT claim.

## II. Discussion

### A.    The BIA's Discretionary Decision to Deny Al-Abbodi's Request for a Waiver of Inadmissibility

Al-Abbodi seeks judicial review of the BIA's rejection of his request for a waiver of inadmissibility under 8 U.S.C. §§ 1159(c) and 1182(h). We generally have no jurisdiction to review a denial of relief under § 1182(h) or a decision in which discretion is vested in the Attorney General (ordinarily acting through the BIA or IJ), *see* 8 U.S.C. § 1252(a)(2)(B), except to resolve a constitutional or legal question, *see id.* § 1252(a)(2)(D); *Munis v. Holder*, 720 F.3d 1293, 1295 (10th Cir. 2013) ("The agency's discretionary denial of a waiver of inadmissibility or adjustment of status is unreviewable in the absence of a legal or constitutional

question.") (construing § 1182(h)(1)(B)).  Al-Abbodi did not raise any discernible legal or constitutional question with respect to the discretionary denial of his waiver application under §§ 1159(c) and 1182(h)(2).  We therefore lack jurisdiction to review that denial.  *See Patel v. Garland*, No. 20-979, --- S. Ct. ----, 2022 WL 1528346, at *7 (May 16, 2022) ("[A] noncitizen may not bring a factual challenge to [an] order[] denying discretionary relief." (internal quotation marks omitted)); *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009) ("[C]hallenges directed solely at the agency's discretionary . . . determinations remain outside the scope of judicial review." (internal quotation marks omitted)); *cf. Munis*, 720 F.3d at 1295 ("[T]he hardship determination required for a waiver of inadmissibility under § 1182(h)(1)(B) is an unreviewable discretionary decision.").

**B.    The BIA's Rejection of Al-Abbodi's CAT Claim**

To be entitled to protection under the CAT, an alien "must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233–34 (10th Cir. 2012) (internal quotation marks omitted).  The BIA found Al-Abbodi's evidence showed "an insufficient likelihood of future torture by or with the consent or acquiescence of an authorized individual" to support a CAT claim.  Admin. R., vol. 1 at 7.  We review this "finding[] of fact under a substantial-evidence standard.  Under this standard, the BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary."  *Takwi v. Garland*, 22 F.4th 1180, 1184 (10th Cir. 2022) (citation,

brackets, and internal quotation marks omitted).[2]  Al-Abbodi does not cite any record evidence that undermines the BIA's finding.  But ample evidence supports the finding, and we therefore deny review of the BIA's rejection of Al-Abbodi's CAT claim.

### III.  Conclusion

We dismiss the petition for review in part for lack of jurisdiction and otherwise deny the petition.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[2] This appeal involves a single BIA member's brief order under 8 C.F.R. § 1003.1(e)(5).  As a result, "the BIA's affirmance is the final agency decision, and we limit our review to the grounds for the BIA's decision.  However, we may consult the immigration judge's fuller explanation of those same grounds." *Takwi*, 22 F.4th at 1184 (citation and internal quotation marks omitted).